### 6758.  KENNEDY v. WILKES et al.

RUSSELL, C. J.   1.   It was error to permit a witness, over objection of the defendant, to testify that the plaintiffs had sued a certain person in Appling county, and to testify further: "I know that we brought suit against him for the amount of the guano in Appling county.  I know I lost it."  A certified copy of the proceedings in the suit referred to would be the highest and best evidence of the character of the suit and of the result thereof.

2.  It was not error to exclude evidence to the effect that the defendant's delivery of the promissory note to Branch was due to an oversight, since it is not disputed that the plaintiffs suffered by reason of his dereliction.  The ruling repelling this testimony is sanctioned by the familiar rule that if one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to do the wrongful act must suffer the loss, rather than the innocent person who would be a victim without any fault on his part.

3.  The plaintiffs proved a breach by the defendant of his agreement to deliver to them a written instrument, the possession of which they were entitled to under the terms of an accord and satisfaction, which was not denied, and they established the damages alleged.  The case is controlled by the ruling of this court in Kennedy v. Maddox, 15 Ga. App. 684 (84 S. E. 153); and solely on account of the error referred to above, the court erred in overruling the motion for a new trial.

                                                      Judgment reversed.

DECIDED MAY 24, 1916.

Action on contract; from city court of Dublin—Judge Hicks. June 14, 1915.

T. E. Hightower, for plaintiff in error.

S. W. Sturgis, W. C. Davis, contra.

---

### 6776.  COCHRAN v. SCHWARZWEISS.

PER CURIAM.  The verdict is authorized by the evidence; no material error of law is made to appear; and the court did not err in refusing a new trial.                                          Judgment affirmed.

DECIDED MAY 24, 1916.  REHEARING DENIED JULY 11, 1916.

Trover; from city court of Waynesboro—Judge Davis.  June 18, 1915.

E. V. Heath, for plaintiff in error.

H. J. Fullbright, F. S. Burney, contra.