### 53589. CHASTAIN v. SIMMONS et al.

SMITH, Judge.

Appellant sued alleging he was entitled to contribution from appellees because of his payment of a $58,281.25 note on which appellees were co-makers. On appeal Chastain claims as error the granting of appellees' motion for summary judgment. We reverse.

Chastain alone signed as maker of the note made out to Hardwick Bank and Trust Company, the entire principal of which he paid. Appellees signed as guarantors. In essence, appellant claimed that, because of mutual mistake, the note should be reformed to show appellees to be co-makers and that, as such, they owed him contribution under Code § 37-303. Chastain contended he had signed the note while having the mutual understanding with appellees that they were to be co-makers and they had mistakenly signed as guarantors.

1. Although appellant omitted from his pleadings the adjective "mutual," the alleged mutual mistake was tried with the implied consent of both parties, and therefore the pleadings must be considered as amended to conform. Civil Practice Act § 15 (b) (Code Ann. § 81A-115 (b)). The CPA § 9 (b) (Code Ann. § 81A-109 (b)) requirement that mistake be pleaded with particularity does not demand otherwise since "[t]he proper remedy for seeking more particularity is by motion for a more definite statement . . . at the pleading stage or by the rules of discovery thereafter." *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13); *Bryant v. Bryant,* 236 Ga. 265 (223 SE2d 662). Mutual mistake, therefore, was a matter properly placed in issue.

2. In order to prevail upon their motion for summary judgment, the defendants, appellees here, must conclusively negate an essential element of Chastain's cause of action. *Turner v. Noe,* 127 Ga. App. 870, 871 (195 SE2d 463). In accordance with this standard, appellees

claim to have proven, as a matter of law, that there was no mistake on their part, that their intent was only to guarantee and not to make the note and that, therefore, there was no mutuality of mistake. The evidence in the affidavits and depositions appellees introduced in support of the motion for summary judgment did not constitute conclusive proof that they intended to sign as guarantors. The appellees' conclusory statements, by way of affidavit, that they intended to sign as guarantors and not as makers did not erase that material issue of fact; nor did any evidence that they presented settle that issue as a matter of law.

Since the allegation of mutual mistake was raised properly in the procedural sense and since questions of fact remained as to that allegation, it was error to grant summary judgment.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED FEBRUARY 28, 1977 — DECIDED MAY 24, 1977 — REHEARING DENIED JUNE 22, 1977.

*Barnes & Johnson, Don W. Johnson,* for appellant.
*Spence & Milam, Bobby C. Milam, David Wallace, T. J. Espy,* for appellees.