## 56466. JOHNSON v. PENNINGTON INSURANCE AGENCY, INC.

SMITH, Judge.

We reverse the trial court's grant of appellee's motion for summary judgment.

The following view of the evidence is in a light favorable to appellant, the opponent to the motion for summary judgment. At the time of the occurrence of the events leading to appellant's commencement of this suit, appellee represented eight insurance companies on an "in-house" basis and Lloyd's of London, among others, on an "out-of-house" basis. Appellant approached appellee's agent, Pace, for the purpose of procuring insurance on a particular building and its contents. Appellant alone owned the building, and appellant and her husband, who were together doing business as Allen Cone Company, jointly owned the contents. Pace, never having ascertained the legal owners of the building and its contents, sent a letter to appellant and her husband indicating, in a handwritten notation in the margin, that coverage was "bound" as of 10:00 a.m. on February 23, 1976. The amounts of coverage stipulated in the letter were $10,000 on the building and $10,000 on its contents. The building and its contents were destroyed by fire on March 29, 1976. The insurance policy Pace had secured for appellant arrived by mail after the fire. In the policy the insurer, Lloyd's of London, insured the building and its contents for the amounts stipulated in the binder, but the appellant's husband alone was listed as the insured. Appellant's husband, having no insurable interest in the building and one-half of its contents, could not recover from Lloyd's for their destruction. Appellant's suit alleged that appellee's employee's negligence in failing to ascertain the facts as to ownership of the property and in failing to procure coverage for her property had damaged her in the amount of $15,000.

1. Appellee contends the issue of agency is not before us since it was not alleged in the complaint or raised in argument below. We find, however, that the evidence introduced on the motion for summary judgment did raise as an issue the supposed status of appellee as appellant's

agent in acquiring insurance. Therefore, the agency issue is before us. *Chastain v. Simmons,* 142 Ga. App. 615 (236 SE2d 678) (1977). Cf. *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200 (243 SE2d 565) (1978). Furthermore, the facts suggesting that appellee was an independent insurance agency which placed insurance with several insurers and which undertook to secure insurance coverage for appellant, and appellee having introduced no evidence conclusively showing that it was not appellant's agent, we conclude that issues of fact remain as to the parties' relationship. *Beavers Ins. Agency v. Roland,* 135 Ga. App. 263 (217 SE2d 484) (1975); *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974); *Sheppard v. Post,* 142 Ga. App. 646 (236 SE2d 680) (1977).

2. We also hold that an issue of fact remains as to whether appellee's employee's alleged failure to ascertain the facts pertaining to the property's ownership and his failure to procure insurance for appellant constituted a breach of fiduciary duty. "An agent who negligently fails to procure insurance for his principal is liable to the principal for any resulting loss." *Wright Body Works,* supra, p. 270. See *Beiter v. Decatur Federal &c. Assn.,* 222 Ga. 516 (2) (150 SE2d 687) (1966) and *Beavers Ins. Agency,* supra.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED NOVEMBER 16, 1978.

*Cook & Palmour, Bobby Lee Cook, A. Cecil Palmour,* for appellant.

*Rogers, Magruder & Hoyt, Edward Hine, Jr.,* for appellee.