## 59330. RIKER et al. v. McKNEELY.

DEEN, Chief Judge.

Craig Riker was driving his father's automobile when it was involved in a collision with a vehicle driven by Mrs. McKneely. Several months later, she brought suit against the Rikers for personal injuries. The Rikers answered contending that she was barred from recovery against them because she was paid the sum of $2,800 in full satisfaction of all claims arising out of the accident and that she and her husband had executed a general release. Shortly thereafter, the Rikers filed a motion for summary judgment which was denied by the trial court because Mrs. McKneely contended that the State Farm Mutual Automobile Insurance Company's claims adjuster had prevented her from reading the release by trick or fraud. She admits that she is an adult with a twelfth grade education and that she could have read the release if she wanted to, but she merely "glanced over the release" before signing it because she relied on the representations of the claims adjuster that the release covered only the property damage to automobile and relied on the adjuster's assurances that her claim for

personal injuries was not included in it. *Held:*

"Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164) (1942). In that case, the court held that a teacher could not have a contract reformed or cancelled although she only "halfway read the contract" because she relied on the representations of a real estate vendor that the $25 monthly installments would cover all payments of principal and interest whereas the instrument required an additional eight percent interest to be paid on each monthly installment.

Appellee, however, relies upon language in *Daniel v. Conrad,* 242 Ga. 119, 120 (249 SE2d 603) (1978) which holds: "Because no fiduciary relationship exists between a claimant and the insured's insurance carrier, a release obtained by the insurance agent is binding on the claimant even if the statements and representations made by the agent were incorrect or erroneous *unless the agent by artifice, trick, or fraud prevented the claimant from reading the entire release.* [Cits.]" (Emphasis supplied.) Here, the record does not show any grounds for avoiding the release. "It is clear that '[n]o fiduciary relationship exists between one having a claim against an insured and the agent of a liability carrier who seeks settlement of the claim, and a release obtained by him from a party having a claim for damages is binding, even if the statements and representations made by him relative to liability or non-liability for the damages were incorrect or based upon erroneous reasons, unless he has prevented the claimant from making investigation of his legal rights in the premises. (Cits.)' " *Conklin v. Liberty*

*Mutual Ins. Co.,* 240 Ga. 58, 60 (239 SE2d 381) (1977). See also *Sapp v. ABC Credit &c. Co.,* 243 Ga. 151 (253 SE2d 82) (1979).

As the record does not disclose any artifice, trick or actual fraud perpetrated upon the appellee that would avoid the release, the trial court erred in denying the Rikers' motion for summary judgment.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

Argued February 6, 1980 — Decided March 7, 1980.

*John F. Daugherty, Michael L. Wetzel,* for appellants.

*John T. Newton, Jr.,* for appellee.