## 59234. SEIBELS, BRUCE & COMPANY v. H. H. BURNET & COMPANY, INC.

SOGNIER, Judge.

This is an appeal in a third party action for indemnification filed by appellee H. H. Burnet & Co. (hereafter Burnet), an independent insurance agency, against appellant Seibels, Bruce & Company (hereafter Seibels, Bruce), as general agent for Ranger Insurance Company (hereafter Ranger). Over a five-year period Burnet had procured two types of tobacco insurance coverage for Douglas Tobacco Warehouses, Inc. (hereafter Douglas), plaintiff in the main case, for tobacco warehouse buildings and tobacco stored during the sales auction season. Burnet had no written agency contract either with Ranger or Seibels, Bruce but would submit applications to the latter, who would determine if a policy would be issued. Douglas had never been refused coverage of either type. The warehouse insurance covered the structure and afforded limited coverage for fixtures and equipment therein. The sales auction insurance covered tobacco stored in the warehouse during the tobacco auction season. In 1975 the Georgia auction season ended in early October and after October 2nd the tobacco was no longer insured.

In November, 1975 Gerald Wrenn of Douglas contacted Boykin Clarke, Burnet's president, to obtain coverage for tobacco purchased in Georgia which had earlier been insured through October 2nd in the Georgia warehouse under a Ranger policy issued by Seibels, Bruce. The tobacco was to be stored in North Carolina for a short time for resale there while the North Carolina market was still in progress. Wrenn contended that pursuant to his telephone call Clarke agreed to bind coverage effective immediately. Clarke swore that he agreed only to write Seibels, Bruce to see if coverage could be obtained, since neither type of insurance previously issued by Ranger covered the situation, but that "I did not bind the coverage, and I told Mr. Wrenn." By letter dated November 14, 1975 Clarke requested Seibels, Bruce to bind coverage to be effective on the date of the letter. The tobacco was damaged by fire in North Carolina on November 18th. Seibels, Bruce received the binder request letter on November 19th without prior knowledge of the fire; they sent a reply letter to Clarke, refusing to issue the binder because it had no authority with Ranger to issue such coverage.

Douglas filed an action against Burnet for negligent failure to procure insurance and Burnet filed a third-party claim against Seibels, Bruce. A jury verdict and judgment was rendered against Burnet in the main action; the third-party action was tried

separately and a jury verdict and judgment was reached in favor of Burnet against Seibels, Bruce. This appeal ensued. While numerous errors are asserted, we conclude that a verdict for Seibels, Bruce was demanded by the evidence and the law, and it was error to deny appellant's motion for directed verdict or for j.n.o.v.

The theories of liability advanced in the third party action against Seibels, Bruce were based upon the active-passive negligence doctrine and allegations that Burnet's liability to Douglas Warehouses resulted from actions undertaken in Burnet's authorized capacity for Seibels, Bruce. The judgment for the plaintiff in the main action established that Burnet, as an independent insurance agency, was not acting as an agent for Seibels, Bruce, but for Douglas; and that Burnet's liability to Douglas resulted from Burnet's own negligence in undertaking to procure insurance for its customer. *Beavers Ins. Agency v. Roland,* 135 Ga. App. 263 (217 SE2d 484) (1975).

Furthermore, the evidence in both trials clearly established that Seibels, Bruce did not participate in the transaction resulting in the lack of coverage and consequent loss. Douglas' claim arose solely from the conversation of Wrenn, its agent, with Burnet's president, Clarke. Seibels, Bruce was not involved until after the damage had occurred. Burnet argues strenuously that a "course of dealings" existed between it and Seibels, Bruce for a five-year period which gave Burnet authority to bind the requested insurance coverage for Douglas. But the determinative factor in this indemnification action is that Clarke's own testimony established that regardless of any purported authority to act for Seibels, Bruce, Clarke knew Burnet had no authority to effect the requested coverage. Moreover, Clarke further testified that he not only knew there was no coverage in effect until the application was accepted by Seibels, Bruce, but he thought Wrenn understood that, too. However, he failed to make this clear to Douglas which was the basis of the original suit.

While conceding that the requested insurance coverage was not bound as between Burnet and Douglas, Burnet claims that by its "binder request" letter to Seibels, Bruce, coverage should have been effectively bound because this was the usual practice as to auction sales and warehouse building forms. This contention is without legal merit. As no past practices were in effect as to this type of coverage, no agency between Burnet and Seibels, Bruce can be implied in regard to this transaction. *Collins & Toole v. Crews,* 3 Ga. App. 238 (59 SE 727) (1907). Accord, *Rothberg v. Manhattan Coil Corp.,* 84 Ga. App. 528, 535 (66 SE2d 390) (1951).

In addition, in the instant case Seibels, Bruce in receiving and rejecting the requested coverage was clearly acting in its capacity as

underwriting agent for Ranger. The "binder request" letter from Burnet was merely an application and offer to insure with Ranger on a new type of coverage, and unless it was accepted by the company through Seibels, Bruce, no coverage existed. *Posey v. Gulf Life Ins. Co.*, 115 Ga. App. 531 (154 SE2d 745) (1967). An application creates no rights and imposes no duties unless and until it is accepted by the insurer. *Home Ins. Co. v. Huguley*, 42 Ga. App. 598 (157 SE 391) (1930). Burnet's liability to the original plaintiff did not arise from its reliance upon Seibels, Bruce, but from a breach of Burnet's duty to Douglas as its insurance agent. Therefore, there is no legal basis for the indemnification claim and the judgment must be reversed, with direction that the trial court enter judgment in favor of the appellant.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 14, 1980 — DECIDED APRIL 23, 1980 — REHEARING DENIED MAY 12, 1980 —

*Robert E. Corry, Jr., Robert C. Semler,* for appellant.
*Terry A. Dillard,* for appellee.