### 59892. PEAGLER AND MANLEY INSURANCE AGENCY, INC. v. STUDEBAKER et al.

SMITH, Judge.

Appellees Charles and Kathy Studebaker brought an action against appellant insurance agency, alleging negligent failure to procure uninsured motorist coverage. The case proceeded to trial, and appellees obtained a jury verdict in the amount of $1,500. Appellant asserts that the trial court erred in denying its motion for directed verdict. We reverse with direction.

"It is a condition precedent to an action against an automobile liability insurance carrier to recover under the provisions of [Code § 56-407.1] on account of injuries and damages to the plaintiff resulting from the negligence of a known uninsured motorist, that suit shall have been brought and judgment recovered against the uninsured motorist." *State Farm &c. Co. v. Girtman,* 113 Ga. App. 54, (147 SE2d 364) (1966); *Hartford Acc. &c. Co. v. Studebaker,* 139 Ga. App. 386, 387 (1) (228 SE2d 322) (1976).

Although the instant suit was not brought against the automobile insurance carrier to recover under the provisions of Code § 56-407.1, it was nonetheless incumbent on them to establish that a judgment had been recovered against the known uninsured motorist. Appellant may have negligently breached a duty to procure uninsured motorist coverage. However, recovery on a theory of negligence is unauthorized in the absence of evidence establishing that appellant's negligence proximately caused the loss for which recovery is sought. See *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 157 (256 SE2d 916) (1979). Even if appellant had obtained uninsured motorist coverage, appellees could not recover against the insurance carrier unless they proved they had previously obtained a judgment against the uninsured motorist. *Hartford Acc. &c. Co. v. Studebaker,* supra. Where there has been no showing that recovery against the insurance carrier would have been possible, the alleged negligence of the insurance agent in failing to procure uninsured motorist coverage has not been shown to have caused the loss. "'Proof of negligence in the air, so to speak, will not do.' Pollock, Torts (11th Ed.) p. 455." Palsgraf v. Long Island R. Co., 248 N.Y. 339, 341 (162 NE 99) (1928).

Appellees' original complaint alleged that "[o]n or about the

11th day of November, 1974, plaintiff obtained judgments against Ernest Bennett, an uninsured motorist, . . . in Clinch County Superior Court for injuries received by Mr. and Mrs. Studebaker when said Ernest Bennett, an uninsured motorist, negligently drove his vehicle into and against said Studebakers on or about February 9, 1974." Appellant responded that "[f]or lack of sufficient information defendant can neither admit nor deny [these allegations] but demands strict .proof [thereof]." See CPA § 8 (b) (Code Ann. § 81A-108 (b)). At trial, appellees attempted to prove the existence of a judgment against Ernest Bennett by the following testimony: "Q. Did you ever get an award from Ernest Bennett in satisfaction for the injury you received in the collision? A. In this Court they awarded it, in our favor, but I didn't never receive anything." This testimony, admitted over appellant's best evidence objection, was insufficient to establish the existence of the judgment against the uninsured motorist. *Kennedy v. Wilkes,* 18 Ga. App. 150 (1) (88 SE 1000) (1916). "It is a long established rule of evidence that the judgment or decree is the highest and best evidence of its contents and that the contents cannot be proved by parol. [Cits.]" *Young v. Foster,* 148 Ga. App. 737, 738 (252 SE2d 680) (1979); see also *Doyal & Associates v. Blair,* 138 Ga. App. 314, 315 (226 SE2d 109) (1976). Accordingly, the judgment is reversed with direction that judgment be entered in favor of appellant. See *Seibels, Bruce & Co. v. H. H. Burnet & Co.,* 154 Ga. App. 577, 579 (269 SE2d 40) (1980).

*Judgment reversed with direction. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MAY 7, 1980 — DECIDED NOVEMBER 26, 1980 — REHEARING DENIED DECEMBER 10, 1980 —

*J. Converse Bright, Brooks E. Blitch, III,* for appellant.
*William S. Perry, J. Reese Franklin,* for appellees.