## 61595. STEWART v. GEORGIA MUTUAL INSURANCE COMPANY et al.

SOGNIER, Judge.

Appellant Stewart sought insurance coverage from appellee, Noble Boykin, doing business as Pooler Insurance Agency in Chatham County. Boykin took an application from Stewart and received a premium from him. Boykin then deducted his commission and forwarded the application and the premium to appellee Knight Insurance Underwriters (Knight). Knight is a general agent for appellee Georgia Mutual Insurance Company with its principal place of business in DeKalb County. Knight received Stewart's application and promptly rejected it. Meanwhile, Mrs. Stewart, before receipt of the rejection, had an accident in one of the vehicles listed in the application. Stewart sought personal injury protection benefits, which were denied.

Stewart brought suit in Chatham County for benefits under the purported policy of insurance. Appellee denied issuance of a policy. Appellant contends that Boykin, as agent of Knight who is an agent of Georgia Mutual Insurance Company, had the authority to bind the coverage. Appellees contend that Boykin was not an agent of Knight or Georgia Mutual Insurance Co.

On motion for summary judgment by the appellees Knight and Georgia Mutual, the trial court held there was no agency relationship between Boykin and Georgia Mutual and granted summary judgment to Georgia Mutual. On the same date the trial court sustained Knight's motion to dismiss for lack of venue. Stewart appeals.

1. Appellant contends that the trial court erred in granting summary judgment in favor of Georgia Mutual because there is a jury question as to whether an agency relationship existed between Knight (Georgia Mutual's agent) and Boykin.

There is no dispute that Knight is a general agent for Georgia Mutual with authority to appoint "agents and brokers" for Georgia Mutual. Appellant contends that pursuant to the agency agreement between Knight and Georgia Mutual, Knight had appointed Boykin as an agent to write automobile insurance for Georgia Mutual. Appellant argues that Code Ann. § 4-101 applies and that proof of agency can be shown here by circumstantial evidence, apparent relations, and conduct of the parties. See *Bearlund v. Webb,* 127 Ga. App. 555, 557 (194 SE2d 328) (1972).

The evidence that appellant offers in support of his claim that an agency relationship existed between Boykin and Knight is circumstantial only. The application for insurance given to Stewart by Boykin was a Knight Insurance Underwriters application form; Boykin deducted a commission from the premium received from Stewart; Georgia Mutual and Knight had a written agency agreement authorizing Knight to appoint "local agents and brokers for the writing of automobile insurance" for Georgia Mutual. Appellant also cites the statutory definition of an insurance agent as "an individual, appointed or employed by an insurer who solicits insurance or procures applications therefor . . ." Code Ann. § 56-801b (1), as further proof of Boykin's relationship as agent of Knight and Georgia Mutual.

On the other hand, Boykin, Knight and Georgia Mutual deny the existence of an agency relationship between Boykin and Knight or Boykin and Georgia Mutual. The evidence also discloses that Boykin had no authority to bind Georgia Mutual on any policy of insurance; that the application for insurance stated specifically that the applicant understood that "no coverage is effective until this application is received and accepted by the company . . ."; that Stewart admits that there was nothing on the application or in Boykin's office to indicate that Boykin was writing insurance for Georgia Mutual; and that Stewart did not know the company to which he was applying for insurance.

We find this case controlled by *Brewer v. Southeastern Fidelity*

*Ins. Co.,* 147 Ga. App. 562 (249 SE2d 668) (1978) and *Beck v. First Georgia &c. Co.,* 157 Ga. App 73 (276 SE2d 124) (1981). *Brewer* involved the renewal of an insurance policy through an independent insurance agent. The principal issue in *Brewer* was whether or not there was an agency relationship between the independent agent and the insurance company. This court held that where the principal and the agent denied the existence of the agency relationship, the denial must be received as evidence of a fact which could not be overcome by bare assertions by a third party not supported by facts. *Brewer,* supra, p. 564. There, as here, the only evidence of agency was circumstantial. The bare assertion of agency by Stewart is a mere conclusion which does not create a jury question.

Appellant contends that *Reese v. Sanders,* 153 Ga. App. 654 (266 SE2d 313) (1980), is controlling. We do not agree. In *Reese,* the principal and agent, while denying the agency relationship, also admitted facts which tended to establish such a relationship. No such admissions were made in the case sub judice. The trial court was correct in granting summary judgment in favor of Georgia Mutual.

2. The claim against Knight which allegedly gave rise to venue as to Knight was based on the alleged agency relationship between Boykin and Knight. The trial court on summary judgment decided that no agency relationship existed and correctly dismissed Knight for improper venue. *Thurmond v. Elliott Finance Co.,* 141 Ga. App. 574 (234 SE2d 153) (1977).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 26, 1981 —

*Kran Riddle,* for appellant.
*Julian Toporek, James Poe, H. Sol Clark,* for appellees.