## 63993. PENNSYLVANIA LIFE INSURANCE COMPANY v. TANNER.

McMURRAY, Presiding Judge.

In 1979 an agent for Pennsylvania Life Insurance Company sought to sell life insurance to Mr. and Mrs. William T. Tanner on the life of William T. Tanner. At that time he assisted them in making application for same. William T. Tanner was shown as the proposed insured with his wife, Judy Tanner, as the owner. Both signed the application as such. However, the policy was not submitted to the company at that time, but on July 20, 1979, the annual premium and additional premium for accidental death benefits was paid insuring the life of William T. Tanner, in which Judy Tanner was named as beneficiary. The application was attached to and became a part of the policy. Certain of the questions contained in the application were answered incorrectly, that is, not answered at all or generally incomplete. With reference to the application as to the total life insurance in force and as to disability insurance a number of subheadings were not filled in at all. Under the subheading as to company as to total life insurance in force only "Globe Ins." was written with no further information. Under disability insurance under company only "Penn Life" was filled in. It is quite obvious that none of the subheadings as to amount, coverages, year of issue, monthly income, benefit period and other similar questions were

filled in, the only entry being as shown above. One cannot examine the application and ascertain whether there was outstanding more than one policy with "Globe Ins." and "Penn Life" but only that some insurance was in force with those two companies. In addition the space to answer these questions was extremely limited.

The policy was issued on or about July 20, 1979, with the application attached. On May 14, 1980, Tanner died, either as a result of an accidental shooting or the result of suicide. His wife, Judy, as beneficiary, notified Pennsylvania Life Insurance Company of his death and complied with all conditions precedent in the policy of insurance but was advised by the insurer that it would not pay the face amount of the policy, accidental death benefits or pay interest on said amounts because the application "did not divulge all of the life insurance policies owned by [the insured] in the application for life insurance."

Thereupon, Judy Tanner, the widow and beneficiary under the policy, brought an action against Pennsylvania Life Insurance Company as defendant setting forth the above facts as admitted by the insurer seeking not only the face amount of the policy but the amount of benefits for accidental death, interest, future interest, penalty for bad faith, and attorney fees.

The defendant answered, in substance admitting the above facts but contending, among other defenses, that the insured's death was the result of suicide or attempted suicide, not caused by accident and that the plaintiff had in force life insurance on the life of the decedent with companies other than Globe Insurance as set forth in the application and the "information sought in said question and answer given by [the applicants, husband and wife] were material to the risks assumed by Defendant and had Defendant been given a true and correct answer, it would not have issued the policy of insurance sued upon," and otherwise denied the claim.

The case came on for trial. At the close of the entire case the trial court directed a verdict in favor of the defendant regarding bad faith and attorney fees, but denied defendant's motion for directed verdict on the issue of whether the materiality of the alleged misrepresentations in the contract (the application which failed to list all the various insurance in effect on the decedent's life) would have voided the policy. The jury returned a verdict in favor of the plaintiff, and the verdict was made the judgment of the court. Thereafter the defendant filed its motion for judgment notwithstanding the verdict, contending there were no issues of fact for the jury to decide inasmuch as there were material misrepresentations in the application for insurance which voided the policy, the same being material to the risk, citing as authority

*Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (174 SE2d 570), and *Mutual Benefit Health &c. Assn. v. Marsh,* 60 Ga. App. 431 (4 SE2d 84). Defendant thus contended there was no issue of fact to be presented to the jury and the defendant was entitled to judgment in its favor as a matter of law. This motion was denied, and the defendant appeals. *Held:*

The defendant contends that this case is virtually identical to the facts of *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, supra, wherein the insured had completed an application for insurance containing misrepresentations, and the evidence had excluded every reasonable inference except that the misrepresentations were material. In the case sub judice defendant contends that plaintiff's failure to list the insurance in effect was concealment of material facts thereby voiding the policy contract upon the showing of falsity and materiality. Hence the defendant was entitled to judgment as a matter of law. However, as is stated in that case in Division 2 (b), it is ordinarily a jury question as to whether a misrepresentation is material, but where the evidence excludes every reasonable inference except that it was material so as to become a question of law for the court rather than the jury. Here the policy application was written up by the agent of the insurer defendant, and it is quite obvious that the application was incomplete, certainly within the knowledge of that agent who was writing same up that he failed to fill out in full the life insurance in effect, the type as to accidental death, disability, income, year of issue or whether the policy or policies were personal or business. The evidence here shows that certainly the insurer was aware that it also had life insurance in effect on the applicant and that its agent had failed to complete the policy application with reference to the total life insurance in force. Thus, we have for consideration here as to whether the failure of the completion of the application was a misrepresentation which was false or fraudulent contrary to the facts made by a person with knowledge of its falsehood and whether or not it caused the other party to enter into the contract. The only entry was "Globe Ins." (also "Penn Life"), and the insured did have insurance with Globe Insurance Company (and also Pennsylvania Life Insurance Company).

It is quite obvious from the testimony that the applicant, either the plaintiff as the owner of the policy or the insured (decedent), were misled into feeling it was not necessary to list all of the insurance covering his health and life which in itself was for jury consideration; the application being printed by the insurer, disseminated to prospective insureds through its agents, and upon the acceptance by the insurer of the application for insurance the application would be attached to and become a part of the policy of insurance issued by it.

We also have for consideration here whether or not the application compelled the defendant insurer to accept the prospective insured as a risk. The defendant offered expert testimony of one of its underwriters that the defendant did not issue a policy in excess of 10 to 12 times the annual earnings of a proposed insured. Nevertheless, the insurer defendant knew at the time the policy was written there were no amounts entered on the application as to the "Globe Ins." or "Penn Life" and was on notice that this part of the policy application was incomplete at the time it considered writing a policy insuring the life of plaintiff's decedent. Was the statement in the policy untrue? True, the application was incomplete, but the insured did have insurance with "Globe Ins." and with "Penn Life." No evidence was produced that the insurer was not satisfied with the contents of the application. If it had been dissatisfied it had no need to accept the incomplete policy application. Certainly, it was aware of its own insurance in effect on the life of the insured, all of which was apparent to the insurer upon receipt of the application. He who can read, must read, and one can readily discern that no amounts were shown as to the insurance stated to be in force on the application. This legal axiom would apply generally to the insurer as well as the insured applicant. See *Venable v. Payne,* 138 Ga. App. 237, 238 (3) (225 SE2d 716); *Georgia Mut. Ins. Co. v. Meadors,* 138 Ga. App. 486, 487 (226 SE2d 318); *Berman v. Rubin,* 138 Ga. App. 849, 854 (227 SE2d 802); *Truitt-Silvey Hat Co. v. Callaway & Truitt,* 130 Ga. 637 (2), 640-641 (61 SE 481). One cannot set up fraud to relieve one of contractual obligations in failing to read a written contract unless that fraud prevents one from reading the contract. See *B. E. Roebuck, Inc. v. Walker,* 212 Ga. 621, 623 (94 SE2d 696); *Lewis v. Foy,* 189 Ga. 596, 598 (6 SE2d 788). Thus, this case is entirely different from the admitted false statements found in the applications for insurance set forth in *Prudential Ins. Co. of America v. Perry,* 121 Ga. App. 618, supra, and *Mut. Benefit Health &c. Assn. v. Marsh,* 60 Ga. App. 431, supra.

We next consider the issue of whether or not the alleged misrepresentations, if any, would have been material to the acceptance of the risk arising from the policy. See Code Ann. § 56-2409 (2) (Ga. L. 1960, pp. 289, 660). The statutory law of this state is that misrepresentations, omissions, concealment of facts, and incorrect statements "shall not prevent a recovery under the policy or contract unless: (1) Fraudulent; or (2) Material either to the acceptance of the risk . . .; or (3) The insurer in good faith either would not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the premium rate as applied for, or would not have provided coverage with respect to the

hazard resulting in the loss, if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise." The only evidence here the jury had for consideration as to whether the omissions were material to the acceptance of the risk was that of its expert underwriter who testified that it was the policy of the insurance company to participate in life insurance coverage in a sum no greater than 10 to 12 times the annual earned income of the insured. First, the insurer took a calculated risk in accepting the policy where the omission was glaring, and second, opinion testimony is always a question of acceptance or non-acceptance on the part of the jury. Consequently, the jury, having knowledge of human experience and the observation of human conduct as stated in Code § 38-102, the issue here becomes one of fact for jury determination. *Hilburn v. Hilburn,* 163 Ga. 23 (2, 3) (135 SE 427); *American Oil Co. v. Floyd,* 136 Ga. App. 804, 805 (3) (222 SE2d 208). Therefore, the trial court did not err in denying the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 15, 1982 —
REHEARING DENIED JULY 30, 1982 —

*Patrick L. Swindall,* for appellant.
*Lee R. Williams,* for appellee.