### 65222. STEWART v. BOYKIN et al.

McMurray, Presiding Judge.

Plaintiff Stewart filed suit against defendant Boykin, individually and doing business as Pooler Insurance Agency, and against Knight Insurance Underwriters and Georgia Mutual Insurance Company, alleging fraud and negligence on the part of Boykin. Knight and Georgia Mutual were dismissed as parties upon a finding that no agency relationship existed between either of them and Boykin. In a previous appeal, this court affirmed the judgment of the trial court. See *Stewart v. Ga. Mutual Ins. Co.,* 159 Ga. App. 91 (282 SE2d 728). Plaintiff then filed a "renewed complaint" against defendant Boykin, individually and doing business as Pooler Insurance Agency, and the case is before us following summary judgment for defendant.

Plaintiff and his wife went to the Pooler Insurance Agency, a one-man office operated by defendant, on April 3, 1978, seeking automobile insurance. Plaintiff claims in his brief that they chose defendant because their son told them defendant guaranteed immediate insurance coverage, which was important to them because their insurance policy had lapsed.

Defendant filled out a special risk application and plaintiff signed it. Plaintiff did not read the form before he signed it, assertedly because he forgot his glasses. He claims that he asked defendant when he would be covered and defendant told him he would be covered as soon as he walked out the door. Defendant denies this.

Defendant did not submit the application to Knight Insurance Underwriters until April 14, 1978. On the same day plaintiff's wife was involved in a serious accident while driving one of the vehicles listed on the application. Plaintiff submitted a claim for personal injury protection benefits, which was denied.

Plaintiff now seeks $10,000 in damages and $25,000 in punitive damages from defendant on the basis of alleged fraud and negligence. The narrow issues before us are whether either or both of these issues should have survived defendant's motion for summary judgment. *Held:*

1. Because both parties have presented their respective positions well, we will set out their arguments in turn, dealing first with the fraud issue. Plaintiff alleges that defendant misrepresented that the insurance coverage would be effective immediately and that this constitutes actual fraud under Code § 105-301 (now OCGA § 51-6-1, effective November 1, 1982), or at least presents a material issue for jury determination, citing *McGaha v. Kwon,* 161 Ga. App. 216, 217 (2) (288 SE2d 289). See also *Brown v. Techdata Corp.,* 238 Ga. 622, 625 (234 SE2d 787); *Tolar Constr. Co. v. GAF Corp.,* 154 Ga. App. 127, 129 (267 SE2d 635), revd. on other grounds, 246 Ga. 411 (271 SE2d 811); *Central Chevrolet v. Campbell,* 129 Ga. App. 30 (4) (198 SE2d 362); *Stovall v. Rumble,* 71 Ga. App. 30 (1), 35 (29 SE2d 804).

Plaintiff proceeds on an agency theory to establish justifiable reliance on the alleged misrepresentation. He contends that defendant acted as his agent and that a fiduciary relationship existed between them, citing *Youngblood v. Mock,* 143 Ga. App. 320 (1) (238 SE2d 250), and more general authority, including *Headrick v. Fordham,* 154 Ga. App. 415 (1) (268 SE2d 753); *Clyde Chester Realty Co. v. Stansell,* 151 Ga. App. 357 (1) (259 SE2d 639); and Code § 4-101 (now OCGA § 10-6-1, effective November 1, 1982). (Plaintiff also asserts that *Covington v. Saxon,* 163 Ga. App. 646 (295 SE2d 105), is supportive authority, but his reliance on that case is misplaced.)

Plaintiff expands his contention of the existence of an agency relationship with a syllogism. He asserts that since defendant was an agent and was not an agent for the underwriter or insurer (as this court held in *Stewart v. Georgia Mut. Ins. Co.,* 159 Ga. App. 91, supra), then it follows that defendant was his agent, or at least the issue is a jury question. Plaintiff cites in support of this argument *Johnson v. Pennington Ins. Agency.,* 148 Ga. App. 147 (1) (251 SE2d 116), and, more generally, *Smith v. Moeller,* 132 Ga. App. 184 (3) (207 SE2d 669) and *City of Gainesville v. Pritchett,* 129 Ga. App. 475 (3) (199 SE2d 889).

Defendant responds by denying the alleged misrepresentation and contending that no agency relationship existed and, more assertively, that no fiduciary relationship existed, citing *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165 (196 SE2d 334) (see particularly Divisions 3 and 4, pages 168-169). Defendant then argues that plaintiff is precluded from maintaining a fraud action based upon the alleged misrepresentation because plaintiff signed the application form and directly above the signature appear the words ". . . no coverage is effective until this application is received and accepted by the company." In support of this argument he offers numerous cases holding that where a person neglects to read an instrument before signing it, he cannot maintain a fraud action other than one for fraud in the procurement of the signature. Those cases include *Craft v. Drake,* 244 Ga. 406, 408 (260 SE2d 475); *Pennsylvania Life Ins. Co. v. Tanner,* 163 Ga. App. 330 (293 SE2d 520); *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329, 330 (268 SE2d 384); *Riker v. McKneely,* 153 Ga. App. 773, 774 (266 SE2d 553); and *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, 173 (13), supra. (He also refers to assertedly supportive language in this court's earlier opinion regarding this case, *Stewart v. Ga. Mutual Ins. Co.,* 159 Ga. App. 91, supra.)

Defendant follows this argument with the argument that an application for insurance provides no insurance coverage until and unless it is accepted by the insurer, citing a number of cases, including *Harrison v. American Liberty Ins. Co.,* 155 Ga. App. 226 (2) (270 SE2d 389), and *Seibels, Bruce & Co. v. H. H. Burnet & Co.,* 154 Ga. App. 577 (269 SE2d 40). We, however, find this argument to have no direct bearing on the fraud issue.

The trial court was persuaded by defendant's main contention. Citing *Craft v. Drake,* 244 Ga. 406, supra, and *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, supra, as well as *Curtis v. First Nat. Bank of Commerce,* 158 Ga. App. 379 (1) (280 SE2d 404), the court held that no fiduciary relationship existed and that plaintiff's signature on the application, coupled with his ability and opportunity to read the document, precluded a fraud action based on the alleged representation by defendant contrary to the language of the document.

The law is indeed well-settled in this area. As was stated in *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329, supra at page 330: " 'A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading.' " quoting from *Stoddard Mfg. Co. v. Adams,* 122 Ga. 802, 803 (50 SE 915). The exception to this rule is where the perpetrator of the alleged fraud is a fiduciary of the victim

of the alleged fraud. *Riker v. McKneely,* 153 Ga. App. 773, 774, supra; *Youngblood v. Mock,* 143 Ga. App. 320, 322 (1), supra.

In *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, supra, at page 169 (Division 4), this court stated: "There was no relationship of principal and agent between the insured and the agent of the insurer, and thus no fiduciary relationship. [Cits.]" Plaintiff seeks to distinguish this case with his syllogism that since defendant was an agent and was not an agent of the insurer, then he was an agent for plaintiff. We are, however, unpersuaded by plaintiff's equation of the generic term "agent" with legal agency. We are drawn more by plaintiff's reference to *Johnson v. Pennington Ins. Agency,* 148 Ga. App. 147 (1), supra, in which this court held that the issue of the parties' relationship must be reserved for jury determination. In addition to several cases regarding summary judgment in general, the court in *Johnson* cited two cases in support which dealt with the relationship between an insurance agent and an insurance applicant specifically: *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801), and *Beavers Ins. Agency v. Roland,* 135 Ga. App. 263 (217 SE2d 484). See also *Ethridge v. Associated Mutuals,* 160 Ga. App. 687, 688-689 (288 SE2d 58).

In light of *Johnson v. Pennington Ins. Agency,* 148 Ga. App. 147, supra, we have reviewed *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, supra, and we find it distinguishable. In the cases cited in that case, *Sutker v. Pennsylvania Ins. Co.,* 115 Ga. App. 648, 653 (155 SE2d 694), and *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417 (2) (138 SE2d 687); *Fields v. Fire & Cas. Ins. Co. of Conn.,* 101 Ga. App. 561, 562 (114 SE2d 540), and *Sherwin-Williams Co. v. St. Paul - Mercury Indem. Co.,* 97 Ga. App. 298, 299 (102 SE2d 919), the insurance agent was in fact an agent of defendant or another party, which is not so in the case sub judice. *Stewart v. Ga. Mutual Ins. Co.,* 159 Ga. App. 91, supra. In *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, supra, the insurance agent was "a local agent for United States Fidelity & Guaranty Company." Thus, *Parris & Son, Inc. v. Campbell,* supra, is inapposite and the trial court erred in relying upon it rather than *Johnson v. Pennington Ins. Agency,* 148 Ga. App. 147, supra, in reaching its decision on defendant's motion for summary judgment.

We hold that a genuine issue of material fact exists as to whether an agency relationship existed between plaintiff and defendant and therefore summary judgment was improper. *Johnson v. Pennington Ins. Agency,* supra. Moreover, while it is true that "[n]o fiduciary or confidential relationship exists between an insured and the insurer and *his* agents [cit.]," (emphasis supplied) *State Farm Fire &c. Co. v. Fordham,* 148 Ga. App. 48, 51 (1) (250 SE2d 843), should the jury find

that an agency relationship existed between plaintiff and defendant, the jury would be required further to treat that relationship as a fiduciary relationship. Code § 37-707 (now OCGA § 23-2-58, effective November 1, 1982); *Larkins v. Boyd,* 205 Ga. 69 (1) (52 SE2d 307); *Napier v. Adams,* 166 Ga. 403 (1), 406 (143 SE 566). The jury then could reach the fraud issue. *Riker v. McKneely,* 153 Ga. App. 773, 774, supra; *Youngblood v. Mock,* 143 Ga. App. 320, 322 (1), supra.

2. The second issue presented for our review is whether a question of material fact as to negligence exists. Plaintiff alleges that defendant was negligent by failing to submit the application completed on April 3, 1978, until April 14, 1978. Defendant, on the other hand, argues that he had no duty to mail the application sooner and, without a duty to be breached, there can be no negligence.

The trial court ruled in defendant's favor, but for another reason. The court held that because plaintiff failed to dispute defendant's statement, by affidavit, that he mailed the application "as soon as practicable" (which was the duty assertedly borne by defendant), plaintiff failed to satisfy his burden under Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) (now OCGA § 9-11-56 (e), effective November 1, 1982). Defendant bolsters this holding in his reply brief on this appeal with quotations from the oft cited case of *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (3) (138 SE2d 580), and *McCray v. Hunter,* 157 Ga. App. 509 (277 SE2d 795).

We disagree with the conclusion of the trial court that defendant's affidavit pierced plaintiff's pleadings. We find that defendant's statement that he mailed the application "as soon as practicable" did no more than meet plaintiff's allegation that he "had a duty to forward the application as soon as practical." Defendant's statement in his affidavit has no more effect than the denial of the allegation in his answer. The issue is still very much in dispute and therefore summary judgment was improper. Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) (now OCGA § 9-11-56 (c), effective November 1, 1982). We hold that a jury question exists as to whether defendant (if found to be plaintiff's agent) breached his duty of diligence to plaintiff. Code § 4-203 (now OCGA § 10-6-22, effective November 1, 1982).

*Judgment reversed. Banke, J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED MARCH 8, 1983 —
REHEARING DENIED MARCH 23, 1983.

*Walter W. Ballew III,* for appellant.
*H. Sol Clark,* for appellees.