70225. EUROPEAN BAKERS, LTD. v. HOLMAN et al.
(338 SE2d 702)

Benham, Judge.

Appellees Holman and Atlanta Insurance Associates Agency, Inc., d/b/a Holman de Varennes & Company, are an insurance agent and agency representing several insurance companies. Appellant is a former client of Holman's. In September 1980, Holman met with the

owners of appellant to present a proposal for appellant's insurance needs as he had done for approximately six years. At that meeting, Holman proposed a change in the form of business interruption coverage appellant had. The new coverage included a co-insurance provision. Subsequent to appellant's acceptance of the proposal and purchase of the recommended policy, an explosion in an oven caused an interruption in production. In the processing of appellant's claim under the policy, it became apparent that appellant was underinsured, a situation which triggered a co-insurance penalty and resulted in appellant receiving compensation for only 28% of its loss. Appellant then filed suit against appellees, seeking the difference between the benefits received and the amount appellant would have received had coverage been adequate and the co-insurance penalty not assessed. Appellant also sought consequential damages. This appeal is from a judgment entered on a jury verdict for appellees.

1. One of appellant's claims was that appellees had breached an oral contract to procure adequate insurance coverage. The trial court's grant of appellees' motion for a directed verdict on that claim is the subject of appellant's first enumeration of error.

Although the evidence showed that the owners of appellant did not entertain proposals from other insurance agents, it also shows that they did so because they were pleased with Holman's performance in procuring insurance for appellant. There was, however, no evidence of any promise by appellant not to buy insurance from others. The evidence shows without dispute that appellant was under no obligation to buy insurance from appellees. We agree with the trial court that there was no evidence of any consideration to support the alleged oral contract to procure adequate coverage. Since there was no bargaining for appellant's forbearance to purchase from others, that voluntary choice to buy from appellees would not be consideration. OCGA § 13-3-42. *Klag v. Home Ins. Co.*, 116 Ga. App. 678 (2) (158 SE2d 444) (1967), cited by appellant for the proposition that an implied promise to buy is sufficient consideration, does not require a different result: the evidence here showed only that Holman made a proposal to appellant every year and that appellant bought from Holman; it does not show even an implied promise to do so. The grant of summary judgment on appellant's breach of contract claim was not error.

2. Appellant has alleged throughout this litigation that appellees owed it the duty of a fiduciary because Holman was acting as an agent of appellant, not as an agent for the insurance company which issued the policy involved. The trial court's denial of appellant's motion for a directed verdict on that issue is enumerated as error.

Independent insurance agents or brokers are generally considered the agent of the insured, not the insurer. *Nat. Property &c. Ins. Co. v.*

*Wells*, 166 Ga. App. 281 (2) (304 SE2d 458) (1983). In many cases, the nature of the relationship between the parties has been a jury question. See, e.g., *Wright Body Works v. Columbus &c. Ins. Agency*, 233 Ga. 268 (210 SE2d 801) (1974); *Stewart v. Boykin*, 165 Ga. App. 868 (303 SE2d 50) (1983); *Johnson v. Pennington Ins. Agency*, 148 Ga. App. 147 (251 SE2d 116) (1978). In the present case, however, we find that the evidence demanded the conclusion that appellee was acting as an agent for appellant. Appellant's owners testified that they considered Holman to be acting as appellant's agent in procuring insurance coverage and that they relied on his judgment and discretion in that regard. Holman testified that he was an independent insurance agent who represented several insurance companies; that in dealing with appellant he selected which insurance company to use; that "as an insurance agent you are acting as an agent for the customer that you are dealing with"; that he reviewed appellant's audits and made recommendations about coverage; that he knew appellant was relying on him to explain the insurance policies he procured; that he acted as appellant's adviser on coverage he thought appellant needed; and that he chose the percentage of co-insurance in the policy without consulting with appellant.

Although appellees have cited several large sections of transcript as containing evidence conflicting with the evidence that Holman acted as appellant's agent, we have found no such evidence and appellees have not pointed specifically to any. Even Holman's testimony that his representation was of both appellant and the insurer does not raise a question of fact regarding his agency relationship with appellant since such "dual agency" still makes appellees agents of the insured. See *Speir Ins. Agency v. Lee*, 158 Ga. App. 512 (2) (281 SE2d 279) (1981).

We conclude, therefore, that the uncontradicted evidence at trial demanded the conclusion that Holman acted as appellant's agent and that the trial court erred in denying appellant's motion for a directed verdict on the issue of agency. OCGA § 9-11-50 (e). Appellant is entitled to a new trial on that ground.

3. Appellant claims in its third enumeration of error that the trial court's charges on the issue of appellant's duty to read the insurance policy were conflicting and incomplete. Without deciding whether the charges were conflicting, we are compelled by our holding in Division 2 of this opinion to find the charges erroneous. One of the charges instructed the jury that appellant had a duty to read the policy; another charge told the jury that it could find that appellant was justified in failing to read the policy if it also found that there was a fiduciary relationship between the parties. Since we have held that the evidence demanded the conclusion that Holman acted as appellant's agent, it follows that there was a fiduciary relationship. *Stewart*

*v. Boykin,* supra. Therefore, the charge was erroneous insofar as it permitted the jury to decide the issue of appellant's duty to read the policy based on its decision as to the existence of a fiduciary relationship.

As a part of the same enumeration of error, appellant also complains of the trial court's refusal to give a charge based on this court's opinion in *Ethridge v. Assoc. Mutuals,* 160 Ga. App. 687 (288 SE2d 58) (1981). Although appellant's requested charge is somewhat overbroad in that it relieves an insured of its duty to read the policy if the agent exercised *any* discretion as to the type or amount of insurance, a more carefully drafted instruction based on *Ethridge*'s interpretation of *Wright Body Works,* supra, would be appropriate under the evidence in this case.

4. Pursuant to appellees' request, the trial court instructed the jury that "no affirmative duty to advise is assumed by the mere creation of an agency relationship." In its fourth enumeration of error, appellant contends that the charge was not a correct statement of the law, because it is incomplete. Under the evidence in this case, we agree.

Appellees cite two cases in support of that charge, *Nowell v. Dawn-Leavitt Agency,* 617 P2d 1164 (Ariz. App. 1980); and *Hardt v. Brink,* 192 FSupp. 879 (W.D. Wash. 1961). Although the statement given in charge appears in both cases, it appears as part of a more complete statement to the effect that when an insurance agency holds itself out as an expert and undertakes the additional duty to advise the insured, and the insured relies on that undertaking, a higher standard of care arises. The uncontradicted evidence in this case is that Holman held himself out as an expert and undertook to advise appellant on its insurance needs, and that appellant relied on Holman to do so. Considering that appellant's negligence claim against appellees is based on just that principle of law, the charge was incomplete and its giving was error.

5. Appellant relied in this action on two different theories of negligence: that appellees breached the duty they assumed in undertaking to give appellant expert advice on insurance matters and that Holman was guilty of simple negligence by directing an employee of appellant to fill out a form incorrectly, resulting in erroneous calculation of the amount of coverage needed to avoid a co-insurance penalty. In its fifth enumeration of error, appellant complains of the trial court's refusal to give a charge on simple negligence, instructing the jury instead that appellees' negligence could be established only by means of expert testimony. We agree with appellant that the trial court should have given a charge on simple negligence in connection with appellant's contention that Holman negligently caused a miscalculation. *Self v. Executive &c. of Ga. Baptist,* 245 Ga. 548 (266 SE2d

168) (1980). However, we also agree with appellees that the charge request submitted by appellant on this issue was overbroad in that it permitted the jury to ignore expert testimony regarding Holman's duty to appellant if it found that Holman had been guilty of simple negligence: the request should have been limited to the particular act of simple negligence alleged.

6. The charge complained of in the sixth enumeration of error, that "the awarding of damages is to compensate the Plaintiff for damages suffered and not to unreasonably burden the Defendants beyond the point of compensating Plaintiff," did not, as appellant contends, inject the financial condition of appellees into the trial. *Atlanta Recycled &c. Co. v. Tri-Cities &c. Co.*, 152 Ga. App. 259 (3) (262 SE2d 554) (1979).

7. Part of the damages sought by appellant in this action was compensation for a possible future loss. Appellant alleged that the loss incurred because of the co-insurance penalty made it necessary to seek additional capital and that the agreement by which that capital was secured could result in a loss by the owners of appellant of part of their equity in appellant. It is clear from appellant's evidence that the alleged future loss is wholly speculative and dependent on occurrences which may not come to pass. "The question of damages cannot be left to speculation, conjecture and guesswork. [Cit.]" *Bobo v. Gebhardt*, 154 Ga. App. 436 (1) (268 SE2d 699) (1980). We find no error in the trial court's grant of appellees' motion for a directed verdict on that issue.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 21, 1985 —
REHEARING DENIED DECEMBER 4, 1985 —

*James H. Webb, Jr., Jack T. Camp*, for appellant.
*Arnold Wright, Jr., J. M. Hudgins IV, Alan L. Newman*, for appellees.