A92A1623. AUTO TOWNE INSURANCE AGENCY, INC.
v. HART et al.
(424 SE2d 303)

POPE, Judge.

An action in negligence was filed against appellee Allen Hart arising out of an automobile collision which occurred January 18, 1990. At the time of the collision, Hart was driving an automobile owned by Charles Hart with the owner's permission. The day before the collision, January 17, Charles Hart had made application for automobile insurance through the assigned risk plan with appellant Auto Towne Insurance Agency, Inc. (the "agent"). Coverage did not become effective until January 20 and thus the automobile driven by Hart was uninsured at the time of the collision. Hart filed a third-party complaint against the agent alleging the agent was liable to him to defend and indemnify him from the negligence action arising out of the collision. The trial court granted summary judgment to Hart on his claim against the agent and the agent appeals.

Pursuant to the rules of the assigned risk plan promulgated by the Georgia Insurance Commissioner pursuant to OCGA § 40-9-100 (a), applications to the plan may be submitted by certain licensed entities such as the agent in this case. Georgia Automobile Insurance Plan and Manual of Rules and Rates, § 11. Upon receipt of an application, the service office which administers the plan assigns the application to an insurance company. Coverage becomes effective "at 12:01 A.M. on the day following the date of mailing of the application to the Plan as shown by the postmark on the transmittal envelope. If the postmark is not legible the coverage will be effective at 12:01 A.M. on the date of receipt by the Plan Office." Id. at § 12.A.1. In this case, a notation appears on the application in a block entitled "For Plan Use Only" indicating the postmark date was January 19 and the effective date of coverage was January 20.

At the hearing on his motion for summary judgment, Hart acknowledged that if the issue of the agent's liability were submitted to

a jury, it would be possible for the jury to find the agent acted promptly. Hart argued, however, that the evidence showed the agent did not mail the application to the plan on the day the application was submitted and thus the agent breached its duty of diligence and must be liable for damages. Actually, no evidence was presented concerning the date the application was mailed, although, since the application was postmarked two days after the agent received the application, it would be reasonable for a finder of fact to conclude it was not delivered to the post office on January 17. Even if the application was not mailed on the day the agent received the application, an issue of fact exists concerning the diligence of the agent. We find no requirement in the rules for the assigned risk plan that an agent must forward an application to the plan on the day it is received. We note that no evidence was presented concerning the time of day the application was submitted to the agent and thus we cannot conclude as a matter of law that the agent did not act diligently by not posting it the same day.

" 'An .agent who negligently fails to procure insurance for his principal is liable to the principal for any resulting loss.' [Cits.]" *Johnson v. Pennington Ins. Agency,* 148 Ga. App. 147, 148 (251 SE2d 116) (1978). Accord *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974); *Northeastern Ins. Agency v. Courson,* 156 Ga. App. 321 (1) (274 SE2d 714) (1980). In each of these cases, however, the appellate court reversed the grant of summary judgment and held that the issue of the agent's negligence was one for jury determination. More specifically, in *Stewart v. Boykin,* 165 Ga. App. 868 (2) (303 SE2d 50) (1983), where the issue concerning the defendant insurance agent's negligence was whether he had acted diligently in submitting plaintiff's application for insurance to the insurer 11 days after the application was made, this court held that the issue was one for jury determination and we reversed the grant of summary judgment to the defendant. Certainly, then, in the case now before us, in which the agent mailed the application for insurance no later than two days after the application was made, the question of the agent's diligence is one for the jury.

In addition, we note that the application for insurance in this case contained on its face, near the bottom of the two-page form filled out by the owner of the car driven by Hart, the following language: "I am aware that I am applying for insurance through the Georgia Automobile Insurance Plan and I understand that I am not covered immediately for insurance. I also understand that I will be notified promptly by mail of the effective date of my insurance coverage by the Georgia Automobile Insurance Plan." In its answer to the third-party complaint, the agent raised the defenses of contributory and comparative negligence as well as the defense that the alleged dam-

ages were solely caused by the acts or omissions of other parties. Thus, evidence was presented from which a jury could conclude that the agent was not liable because Hart's damages were proximately caused by his own negligence in operating the insured automobile, or the negligence of the owner in permitting Hart to operate the insured automobile, before receiving notice of the effective date of insurance coverage.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 15, 1992 —
RECONSIDERATION DENIED NOVEMBER 2, 1992 ▇▇▇▇▇▇

*Arthur L. Waters*, for appellant.
*Harman, Owen, Saunders & Sweeney, Charles J. Cole, Wetzel & Carroll, Michael L. Wetzel*, for appellees.