### A94A1376. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HAMILTON.
(444 SE2d 414)

BLACKBURN, Judge.

The appellee, Wendy Hamilton, commenced this action against State Farm to recover no-fault benefits for medical expenses and lost wages and collision coverage benefits for damages to her automobile pursuant to a State Farm insurance policy.[1] Both Hamilton and State Farm moved for summary judgment, and the trial court granted Hamilton's motion and denied State Farm's motion. This appeal followed.

---

[1] Hamilton also seeks to recover a 25 percent statutory penalty and attorney fees for State Farm's bad faith failure to pay her claim pursuant to OCGA § 33-4-6.

The relevant evidence shows that on September 30, 1989, Hamilton visited the Walter Blackmon Insurance Agency, an independent insurance agency, for the purpose of purchasing automobile insurance in connection with her purchase of a new automobile. Hamilton completed and signed an application for automobile insurance through the Georgia Automobile Insurance Plan ("Plan"), and submitted the application to Linda Hughey, the office manager at the Blackmon Agency. The Blackmon Agency subsequently forwarded the application to the Plan, and the Plan assigned the coverage to State Farm on October 10, 1989.

On October 2, 1989, Hamilton was involved in a single car accident causing her serious personal injuries and substantially damaging her new automobile. Hamilton thereafter made a claim for benefits under the State Farm policy. State Farm denied her claim contending coverage was effective on October 3, 1989, the day after the accident, and therefore, Hamilton was not insured with State Farm at the time of the accident.

In its three enumerations of error, State Farm continues to contend that there was no coverage under the policy until October 3, 1989, and therefore, the trial court erred in granting Hamilton's motion for summary judgment and denying its motion for summary judgment. In response, Hamilton asserts coverage was effective on October 1, 1989, the day before the accident, and therefore, the court properly ruled on the motions. The sole issue before this court, is whether the coverage at issue became effective on October 1, 1989, as contended by Hamilton, or on October 3, 1989, as contended by State Farm.

"Pursuant to the rules of the assigned risk plan promulgated by the Georgia Insurance Commissioner pursuant to OCGA § 40-9-100 (a), applications to the plan may be submitted by certain licensed entities such as the agent in this case. Georgia Automobile Insurance Plan and Manual of Rules and Rates, § 11. Upon receipt of an application, the service office which administers the plan assigns the application to an insurance company. *Coverage becomes effective 'at 12:01 A.M. on the day following the date of mailing of the application to the Plan as shown by the postmark on the transmittal envelope.* If the postmark is not legible the coverage will be effective at 12:01 A.M. on the date of receipt by the Plan Office.' Id. at § 12.A.1." (Emphasis supplied.) *Auto Towne Ins. Agency v. Hart*, 206 Ga. App. 120 (424 SE2d 303) (1992). In the case at bar, therefore, if the application was mailed on September 30, 1989, the coverage was effective on October 1, 1989, and if the application was mailed on October 2, 1989, the coverage was effective on October 3, 1989.

It is uncontroverted that the envelope containing Hamilton's application to the Plan, which under the rules of the Plan is to be used

to establish the effective date of the coverage, has been destroyed by the Plan in its normal operating procedures. To prove the date the application was mailed to the Plan, therefore, Hamilton submitted the affidavits of Linda Hughey and T. D. Simpson, the postmaster of the main post office on Crown Road in Atlanta, Georgia. In her affidavit, Hughey states: "I was present during the visit by Wendy Hamilton to Mr. Blackmon's agency on September 30, 1989. After the close of the agency at mid-day on Saturday, September 30, 1989, I deposited the envelope containing Ms. Hamilton's application in the main post office facility on Crown Road. That envelope was addressed to the Georgia Auto Insurance Plan. Since I lived near the Crown Road facility, it was my duty to make daily mail deposits. It was the practice of the agency then, as it is now, to deposit our mail on a daily basis at the close of each business day. Simpson states in his affidavit that: "Items of mail which are deposited at this facility and which are properly addressed with adequate postage attached thereto are processed on a daily basis and a postmark is affixed to each item of mail showing the date of processing."

Although this evidence presented to the trial court goes to show the envelope containing Hamilton's application was postmarked on September 30, 1989, there was also evidence in the record that the envelope was not postmarked until two days later, on October 2, 1989. In that regard, the record includes a copy of the October 10, 1989, notice to the Blackmon Agency from the Plan assigning coverage to State Farm, which specifically provides that coverage shall be effective as of October 3, 1989, at 12:01 a.m. Additionally, Mr. Blackmon deposed that upon receiving such notice, he called the Plan and specifically asked when the envelope was postmarked, to which inquiry the person at the Plan responded October 2, 1989.

We find the evidence in the record raises issues of fact as to the date the application was mailed from the Blackmon Agency to the Plan and therefore as to the effective date of the coverage. Accordingly, we find the trial court correctly denied State Farm's motion for summary judgment, but erred in granting Hamilton's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 27, 1994.

*Harper, Waldon & Craig, Thomas D. Harper, Hilliard V. Castilla*, for appellant.

*Lane, O'Brien, Caswell & Taylor, Richard T. Taylor*, for appellee.