**MID–AMERICA CORPORATION, a corporation, Plaintiff in Error,**

**v.**

**Anna Louise ROACH, Defendant in Error.**

**No. 40653.**

Supreme Court of Oklahoma.

Feb. 15, 1966.

Rehearing Denied March 15, 1966.

Green & Feldman, W. E. Green, Raymond G. Feldman, Wm. S. Hall, George A. Farrar, Tulsa, for plaintiff in error.

Doerner, Stuart, Moreland & Saunders, Harry D. Moreland, Tulsa, for defendant in error.

LAVENDER, Justice.

Defendant in error, Anna Louise Roach, hereinafter called the plaintiff, commenced this action against the plaintiff in error, Mid-America Corporation, a corporation, as the successor in interest to Selected Investments Corporation, a corporation, and others who are not involved in this appeal. Although the original transaction involved was with Selected Investments Corporation, the plaintiff in error admitted in the trial court that it is the successor to all interests of Selected, so no distinction will

190

be made between them. Either will be referred to herein as the defendant.

In her petition, as amended, plaintiff alleged that on the 28th day of September, 1957, she and her husband, W. K. Roach, jointly borrowed $3,000.00–plus from the defendant, on their promissory note, payable in monthly installments, secured by a real estate mortgage; that in connection with such loan and by agreement with the plaintiff and her husband the defendant deducted $75.00 from the proceeds of the loan to pay the first year's premium on a policy of term life insurance on the life of said W. K. Roach in the amount of $3,750.-00, and agreed to purchase such a policy of life insurance and to use said $75.00 to pay the first year's premium thereon, and further agreed to pay subsequent premiums on such insurance out of a portion of the monthly payments to be made by the borrowers in excess of the amount required to be applied to interest and principal of the loan and held in escrow for that purpose, until the indebtedness be fully discharged or until the death of said W. K. Roach, whichever should occur first.

The petition further alleged that the defendant failed to procure any policy of insurance on the life of W. K. Roach and did not notify the plaintiff or her husband of that fact and did not return, or offer to return, any part of the $75.00; that all of such acts on the part of the defendant lulled the plaintiff and her husband into believing that such a policy of insurance on the life of W. K. Roach had been purchased and was in force and effect, thereby constituting a fraud upon them; that said W. K. Roach died on November 16, 1959; that all payments on the loan indebtedness have been made, with the plaintiff, who was jointly and severally indebted on the loan, having made all such payments since the death of her said husband; that if the defendant had procured such a policy of insurance and paid the premiums thereon as they became due, as agreed, plaintiff would have received the $3,750.00 proceeds

of the policy and after paying and satisfying the loan indebtedness in full would have had the balance of such insurance proceeds for her own use and benefit; and that as a direct and proximate result of the defendant's breach of contract, and fraud, the plaintiff has been damaged in the amount of $3,750.00.

The plaintiff's evidence at the trial failed completely to show any agreement concerning the payment of premiums for the second and subsequent policy years, and did not show that the monthly payments to be made or made by the borrowers included any amount to go into their escrow account for the payment of such premiums. Otherwise, the stipulations of the parties during the trial and the evidence adduced by the plaintiff established all of the facts alleged by the plaintiff as hereinabove set forth.

At the close of the plaintiff's evidence, the defendant demurred thereto, and when such demurrer was overruled the defendant elected to stand on its demurrer, and judgment was rendered against it in favor of the plaintiff for $3,750.00, with interest thereon from November 3, 1959, and the costs of the action.

The manager of the defendant's Tulsa office, where the basic transaction took place, was called as a witness by the plaintiff and testified, among other things, that when the company purchased life insurance in connection with a loan he ordinarily signed the policy as agent; that the company records indicated that $75.00 had been deducted from the loan proceeds for the payment of premium on life insurance, but did not indicate that any policy of insurance had been purchased in this instance; that $75.00 would have been one year's premium on a level term life insurance policy in the amount of $3,750.00 with the benefits remaining the same through the life of the policy; and that when such a policy was purchased by the company in connection with a loan, the policy and premium notices were sent by the insurer to the borrowers.

In its brief herein, the defendant advances only one proposition:

"The evidence before the trial court was insufficient to establish an agreement by Mid-America to pay, from payment proceeds, successive annual life insurance premiums on the life of Mr. Roach."

and, in connection therewith, states:

"There is no question but that at the time of the inception of the loan on September 27, 1957, there was deducted from the loan proceeds of Mr. and Mrs. Roach the sum of $75.00 for one year's premium on credit level term life insurance in the sum of $3,750.00; that no policy of life insurance was ever received by Mr. and Mrs. Roach, nor was there ever any notice to Mr. and Mrs. Roach of subsequent premiums due; that Mr. Roach died November 16, 1959; more than two years after the inception of the loan.

"Mid-America concedes there can be no question but that it would be liable to Mrs. Roach as an insurer during the one year from September 27, 1957, to September 26, 1958."

■ If we disregard the defendant's attempt to limit its liability as an insurer to a particular period of time, its concession of liability is in harmony with the general rule stated in 44 C.J.S. Insurance § 225, p. 940:

"The measure of damages for breach of the contract to procure insurance is the amount which might have been recovered under such insurance if procured as agreed."

This rule was applied by this court in Beam et al. v. Green, 208 Okl. 10, 252 P.2d 444, which was an action by a mortgagor under a chattel mortgage against the mortgagee for damages for breach of contract to procure fire insurance on the mortgaged automobile, the premium for which insurance had been included in the mortgage indebtedness, brought after the automobile was destroyed by fire; and in Simons v. Harber et al., 116 Okl. 233, 243 P. 510, and Ward et al. v. Continental Ins. Corporation et al., 165 Okl. 20, 24 P.2d 654, which involved breach of contract by lenders to take steps necessary to validate existing fire insurance policies under the new situations involved therein, this court affirmed or approved judgments against the lenders in the amounts which would have been received under the policies if the lender had taken the steps necessary to validate them under the new situations as agreed.

Except for the contention that the plaintiff's evidence failed to establish any agreement concerning the payment of premiums for policy years subsequent to the first policy year of the policy to be purchased under the basic agreement, the defendant makes no attempt to show why its admitted liability to the plaintiff for the amount of the policy which it agreed to purchase but did not purchase should be limited to any particular period of time.

■ For the purposes of this appeal, the defendant's admissions of facts and concession of liability to the plaintiff for the amount which would have been paid to the plaintiff under the insurance if purchased as agreed must be treated as a part of the plaintiff's evidence at the trial. When so considered, the matter of premiums for policy years subsequent to the first policy year of the policy which defendant agreed to purchase for the plaintiff and her husband is entirely immaterial, for the complete absence of any agreement concerning premiums for policy years subsequent to the first policy year could not affect the defendant's liability for failure to perform its basic obligation to purchase the policy as agreed. Therefore, the trial court committed no error, and its judgment in favor of the plaintiff and against the defendant is affirmed.

■ Under 12 O.S.1961, § 971 and the rules of this court, the defendant in error has asked for, and is entitled to, judgment against the surety on the supersedeas bond filed by the plaintiff in error. It is, therefore, ordered, adjudged and decreed by this

court that the defendant in error, Anna Louise Roach, have and recover of and from Standard Accident Insurance Company, Detroit, Michigan, the sum of $3,750.00, the amount of the aforesaid judgment, together with interest thereon at the rate of six per centum per annum from November 3, 1959, until paid, and all costs of the action and appeal not exceeding, however, $5,000.00, the amount of the bond obligation, and such judgment shall be entered and enforced by the trial court as though rendered therein.

HALLEY, C. J., and DAVISON, WILLIAMS and BERRY, JJ., concur.

IRWIN, J., concurs in result.

BLACKBIRD, and HODGES, JJ., concur in part, dissent in part.

JACKSON, V. C. J., dissents.