## 50583. BEAVERS INSURANCE AGENCY, INC. v. ROLAND.

STOLZ, Judge.

The record in this case reveals issues of fact which should be determined by a jury. Consequently, the trial judge did not err in denying the appellant's motion for summary judgment.

This case is materially different from *Sutker v. Penn. Ins. Co.,* 115 Ga. App. 648 (155 SE2d 694). In *Sutker,* the complaint alleged that the named individual agent was "the duly authorized agent, employee, and servant of the insurance company acting in the prosecution of the company's business and within the scope of his authority." P. 649. The holding in *Sutker* is that "it appears settled that there is no liability in *tort* for failure of the defendant insurance agent or broker to procure or have renewed a policy of insurance where the defendant is the *insurance company's* agent and not the plaintiff's agent." P. 653.

In the present case, the suit is against the insurance agency alone. The complaint in this case alleges an agency relationship between the plaintiff and the defendant. There is evidence in the record which a jury could believe that the defendant was an "independent insurance agency" which placed insurance business with several companies. "An insurance agent is personally liable to an applicant in damages for a breach of his contract or agreement to procure insurance." 16 Appleman, Insurance Law and Practice, p. 449, § 8831, and cits. "There is controlling authority for the proposition that where one undertakes to procure insurance for another and is guilty of . . . negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy." *Beiter v. Decatur Federal &c. Assn.,* 222 Ga. 516 (2) (150 SE2d 687) and cits.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED APRIL 29, 1975 — DECIDED JUNE 30, 1975.

*Nunn, Geiger, Rampey, Buice & Harrington, D. L. Rampey, Jr., Gregory J. Leonard,* for appellant.

*Smith & Williams, George L. Williams, Jr.,* for appellee.