61260. SPEIR INSURANCE AGENCY, INC. v. LEE.

POPE, Judge.

Appellee brought this action against Speir Insurance Agency, Inc. for damages arising out of a binder for automobile insurance. Appellee also alleged bad faith and fraud and sought punitive damages and attorney fees. The trial court heard the case without the intervention of a jury and thereafter entered a judgment in favor of appellee.

On July 10, 1978 Speir executed an insurance binder which provided comprehensive, collision and liability coverage on appellee's 1976 Dodge Van Tradesman. The coverage, for which appellee paid $500, was to be effective from July 5, 1978 to July 5, 1979. The binder named American Reserve as the insurer. By letter dated August 11, 1978 American Reserve notified Speir that the binder had expired as of August 1 "pending receipt of additional information requested from your agency." This letter showed a copy

to appellee, but he testified he never received notice of the expiration. See Code Ann. § 56-2430. On September 2, 1978 appellee was involved in a collision while operating the van. His claim for damages to the vehicle, medical expenses and lost wages was denied by Speir since American Reserve had come off the coverage.

The evidence showed that the custom in the insurance trade is for independent agencies such as Speir to issue binders which may or may not be accepted by the nominated insurance company; in the latter instance coverage would be placed by the agency with another insurer. Following American Reserve's notice of expiration, Speir did not procure any other coverage for appellee. Nonetheless, Speir never refunded any portion of appellee's $500 payment.

1. Speir contends that appellee failed to carry his "burden of proof" since he failed to introduce into evidence the insurance policy upon which he relied. However, this is an action for breach of a contract or agreement to procure insurance and not an action arising out of an insurance policy. See *Beavers Ins. Agency v. Roland,* 135 Ga. App. 263 (217 SE2d 484) (1975). Speir also contends that any loss incurred by appellee occurred within the life of the binder and that there was no evidence of fraud.

Appellee did introduce into evidence a copy of the insurance binder issued to him by Speir. Contrary to Speir's assertion, Code Ann. § 56-2420 does not require that such a binder be valid for a full 90 days from its effective date. Whether or not the binder had expired prior to the date of appellee's collision and whether or not Speir had acted in bad faith and committed a fraud on appellee by allowing the binder to expire and not seeking replacement coverage were questions of fact which the trial court resolved in favor of appellee. Notwithstanding some evidence which indicated that Speir might not have received the notice of expiration until October 9, 1978, there was ample evidence to support the trial court's findings of fact in favor of appellee. *Unicover, Inc. v. East India Trading Co.,* 154 Ga. App. 161 (2) (267 SE2d 786) (1980). Accord, *Beitner v. Decatur Fed. Sav. &c. Assn.,* 222 Ga. 516 (1) (150 SE2d 687) (1966); *Beavers Ins. Agency v. Roland,* supra; *Bankers Health &c. Ins. Co. v. Plumer,* 67 Ga. App. 720 (1) (21 SE2d 515) (1942). Enumerations of error Nos. 1, 3, 4 and 7 are without merit.

2. In its second enumeration Speir contends that since it was a disclosed agent of American Reserve, it was not subject to liability because its principal was not sued. Indeed, the evidence would authorize a finding that Speir was an independent insurance agent.

"In the light of the. . .Supreme Court decision in *Wright Body Works, Inc. v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974), citing with approval *Todd v. German American*

*Ins. Co.,* 2 Ga. App. 789 (59 SE 94) (1907), it may now fairly be said that where an insurance company acquiesces in an arrangement with an insurance agent representing it whereby the agent may be expected to act also on behalf of the insured, the company consents to the dual agency so that the agent is no longer insulated from responsibility to the insured to effect the agreed-upon coverage on the ground that his undertaking to do so is against public policy. Thus effectively overruled sub silentio are cases. . .applying to an independent insurance agent the 'dual agency' rule enunciated in other types of insurance-agent cases. . .which had the startling result that the agent, by undertaking to act on behalf of the second principal, (the insured), was by virtue of that undertaking. . .at once relieved of all responsibility to him for it — i.e., from the standpoint of the insured, the agent's undertaking to act on his behalf simultaneously canceled itself out so that the insured had no recourse against him for its breach. Thus, at least as to independent insurance agents, the Supreme Court has put an end to the rule which allowed the agent to profit by what theretofore had been considered his own wrong, and which rule was fundamentally at war with its underlying purpose — to protect not the agent but the principal, and even the second principal. *Napier v. Adams,* 166 Ga. 403 (143 SE 566) (1928)." *Creative Underwriters v. Heilman,* 141 Ga. App. 740, 741 n. 1 (234 SE2d 371) (1977); see *Johnson v. Pennington Ins. Agency,* 148 Ga. App. 147 (1) (251 SE2d 116) (1978). This enumeration is not meritorious.

3. "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903). Under the circumstances in this case the trial court was authorized to impose punitive damages against Speir. See *Patterson v. Castellow,* 119 Ga. App. 712 (1) (168 SE2d 838) (1969).

4. Speir contends that the trial court erred in awarding attorney fees to appellee. "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Code Ann. § 20-1404. We cannot say under the circumstances in this case that there was no evidence from which the trial court could have found that there was fraud or bad faith on the part of Speir in the transaction out of which the cause of action arose. *Mutual Life Ins. Co. v. Chambliss,* 131 Ga. 60 (1, 2) (61 SE 1034) (1908); *Chambers & Co. v. Harper,* 83 Ga. 382 (2) (9 SE 717) (1889). See generally *Ken-Mar Const. Co. v. Bowen,*

245 Ga. 676 (266 SE2d 796) (1980). Accordingly, Speir's sixth enumeration is without merit.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MAY 13, 1981.

*Sam Johnson*, for appellant.
*Jane McKenny Jordan, Neal D. McKenny*, for appellee.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*