**A–OK CONSTRUCTION, INC., Appellant,**

v.

**McELDOWNEY, McWILLIAMS, DEARDEUFF, & JOURNEY, INC., as successor corporation of Ancel Earp, McEldowney, & McWilliams, Inc., and Bill A. McWilliams, Jr., an individual, Appellee.**

No. 77372.

Court of Appeals of Oklahoma, Division No. 1.

May 26, 1992.

Rehearing Denied July 13, 1992.

Certiorari Denied Jan. 12, 1993.

Bruce Winston, Rodney C. Ramsey, Stewart & Elder, Oklahoma City, for appellant,

Donald R. Wilson, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee.

BAILEY, Judge:

Appellant A–OK Construction, Inc. (A–OK) seeks review of the Trial Court's order denying A–OK's motion to reconsider summary judgment granted to Appellee McEldowney, McWilliams, Deardeuff, and Journey, Inc., and Bill A. McWilliams, Jr., an individual (collectively Agent) in A–OK's action for negligence in failing to provide Workers' Compensation insurance to A–OK. In its sole proposition of error, A–OK asserts that an independent insurance agent is liable for the agent's own acts of negligence and material facts in controversy on the issue in the present case, precluding summary judgment.

We are not unfamiliar with the facts of this case.[1] In that regard, the record shows that one of A–OK's employees suffered on-the-job injury for which he claimed Workers' Compensation benefits. The alleged insurer, Federal Insurance Company (Insurer), denied coverage.

At trial of the Workers' Compensation claim, A–OK, Agent and Insurer appeared and presented evidence. A–OK's general manager there testified to the effect that previous Worker's Compensation insurance coverage obtained from Agent had lapsed, and that in the early part of February, 1983, A–OK requested replacement coverage from Agent. The general manager also testified that Agent's employee told him that "she would take care of it," but that A–OK never received any binders for Worker's Compensation coverage. The Workers' Compensation Court determined that A–OK had no insurance in effect at the time of the accident, and awarded the injured employee benefits against A–OK.

A–OK then commenced the instant action against Agent for negligence and misrepresentations in failing to provide the requested Workers' Compensation coverage, claiming actual damages (the employee's Workers' Compensation award and A–OK's attorney's fees incurred in defense of the action), as well as punitive damages. Agent moved for summary judgment, arguing that the Workers' Compensation Court judgment determined the issue, and that A–OK should be estopped by the Workers' Compensation Court judgment to relitigate the same question in the present case. The Trial court agreed with Agent, and A–OK appealed.

In the appeal, we held A–OK not estopped by the Worker's Compensation judgment to prosecute its negligence claim against Agent, reversed the order granting summary judgment and remanded for further proceedings.[2] On remand, Agent again moved for summary judgment, arguing that as an agent for a disclosed principal, Insurer, and otherwise acting within the scope of the agency, Agent incurred no liability in tort or contract for the alleged failure to procure insurance coverage.[3] A–OK responded, arguing that an exception to the rule applies where "the agent, acting within the scope of his authority, in the pursuit of a lawful purpose, steps outside to engage in a tortious act to the injury of another," and "the exception applies to actions for ... negligence."[4]

The Trial Court granted summary judgment to Agent. A–OK moved for reconsideration of the decision, which the Trial Court denied. A–OK appeals as aforesaid.

On the general issue of an insurance agent's personal liability for failure to procure requested insurance, there appears a division of authority.[5] However, it appears that the weight of authority supports imposition of liability on the agent for failure to procure insurance under both contract and

1. We have addressed the facts of this case previously in *A–OK Const., Inc. v. McEldowney, et al.,* Case No. 68,234 (unpub. op. by Bailey, J., July 19, 1988).

2. *A–OK Const., Inc. v. McEldowney, et al.,* Case No. 68,234, at page 3.

3. See, e.g., *Warner v. Continental Gas. Co.,* 534 P.2d 695 (Okl.1975); *Northwestern Mut. Ins. Co. of Seattle v. Richardson,* 470 P.2d 330 (Okl. 1970); *Farmers Ed. and Coop. Union of America v. Bell,* 366 P.2d 765 (Okl.1961); *Commonwealth Life Ins. Co. v. Hutson,* 271 P.2d 722 (Okl.1954). See also, *Hall v. Farmers Ins. Exch.,* 713 P.2d 1027 (Okl.1985); *Moran v. Loeffler–Greene Supply Co.,* 316 P.2d 132 (Okl.1957).

4. *Bane v. Anderson, Bryant & Co.,* 786 P.2d 1230, 1234 (Okl.1989); *Wright v. Hartford Accident & Indem. Co.,* 258 F.Supp. 841 (W.D.Okl.1966).

See also, *Keller Lorenz Co., Inc. v. Insurance Associates Corp.,* 98 Idaho 678, 570 P.2d 1366 (1977); (agent's failure to procure insurance as requested may constitute both breach of contract and negligent breach of professional duty); *McAlvain v. General Ins. Co. of America,* 97 Idaho 777, 554 P.2d 955 (1976) (insurance agent should be held personally liable for his own professional negligence); *Speir Ins. Agency, Inc. v. Lee,* 158 Ga.App. 512, 281 S.E.2d 279 (1981); *Beavers Ins. Agency, Inc. v. Roland,* 135 Ga.App. 263, 217 S.E.2d 484 (1975) (insurance agent personally liable to an applicant in damages for breach of contract or agreement to procure insurance, citing Appleman, *Insurance Law and Practice,* § 8831).

5. See, e.g. "Inadequacy of Property Insurance Procured," 72 A.L.R.3rd 747; "Broker's Failure to Procure Insurance," 64 A.L.R.3rd 398.

tort theories.[6] In that regard, the Oklahoma Supreme Court has at least tacitly recognized potential tort liability of an insurance agent in such a situation,[7] and an insurance agent's potential liability in cases such as these is in accord with agency principles generally.[8]

In the present case, A–OK adduced evidence arguably establishing Agent's agreement to procure insurance and Agent's failure in that regard. Considering this evidence, we believe reasonable minds might differ on whether Agent breached its duty to exercise reasonable skill and diligence in procuring insurance for A–OK, precluding summary judgment.

The order of the Trial Court granting summary judgment to Agent is therefore REVERSED and the cause REMANDED for further proceedings.

GARRETT, P.J., and ADAMS, J., concur.

**6.** See, footnote 4.

**7.** *Dewees v. Cedarbaum,* 381 P.2d 830, 836 (Okl. 1963) (insurance agent who undertakes to procure insurance bound to exercise reasonable skill and diligence in effort, and no breach of

such duty found where uncontradicted evidence showed no insurer would accept risk.)

**8.** *Bane,* 786 P.2d at 1234.