672 So.2d 559 (1996)
David SCHUCK and Sally Schuck, Appellants,
v.
Michael T. HABICHT, Maritime Insurance Group, Inc., a Florida Corporation, Compagnie Europeenne D'Assurances Industrielles S.A., and Compagnie D'Assurances Maritimes Aeriennes Et Terrestres, Appellees.
Nos. 94-2344 and 94-3223.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
Rehearing and Rehearing Denied May 14, 1996.
Ben J. Weaver of Weaver & Weaver, P.A., Fort Lauderdale, for appellants.
Domingo C. Rodriguez of Rodriguez & Aronson, P.A., Miami, for appellees.
Rehearing and Rehearing En Banc Denied May 14, 1996.
PARIENTE, Judge.
The issue in this appeal is whether appellants (plaintiffs) are entitled to bring a direct action as third-party beneficiaries of a marine insurance policy. This issue turns on whether the policy is interpreted to be an indemnity policy, as the trial court found, or whether it should be interpreted to be a liability policy. Because we find that the policy contains language and provisions consistent with either a liability policy or an indemnity policy, in accordance with DaCosta v. General Guaranty Insurance Co., 226 So.2d 104 (Fla.1969), the policy should be interpreted to afford the insured the greater coveragecoverage for liability rather than loss paid indemnity. We accordingly reverse the order of dismissal.
In April 1989, plaintiffs rented a motorboat from Susi's Watersports. While piloting the boat, plaintiff David Schuck was injured. Thereafter, plaintiffs filed suit against Susi's Watersports and ultimately obtained a judgment against it. This judgment was not satisfied. Susi's Watersports, who never appeared in or defended the lawsuit, was insured by a marine insurance policy issued by Maritime Insurance Group (Maritime) and underwritten by two French insurance companies, Compagnie Europeenne D'Assurances Industrielles S.A. (CEDI) and Compagnie D'Assurances Maritimes Aeriennes Et Terrestres (CDMAT).
Plaintiffs, as third-party beneficiaries, sued Maritime, CEDI, CDMAT and Michael T. Habicht, Maritime's agent, (collectively, defendants). They alleged that the marine insurance policy provides third-party liability coverage and that, by denying coverage for *560 plaintiffs' injuries, the insurers breached their duty to act in good faith on behalf of their insured. Defendants, in moving to dismiss the complaint, countered that the marine policy was an indemnity policy with payment by the insured as a condition precedent to the right of the insured to recover under the policy and the obligation of the insurer to satisfy the judgment.
The trial court granted the defendants' motions to dismiss on grounds that the subject insurance policy was not a liability policy; but rather, it was an indemnity policy. It concluded that, as an indemnity policy, the proceeds of the policy were intended only to reimburse Susi's Watersports for the amounts which it paid out within the policy limits and that no benefits were to be paid directly to plaintiffs. Therefore, the trial court held that plaintiffs were not entitled to maintain a direct action against defendants because they were only incidental third-party beneficiaries of an indemnity policy. See Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla.1985).
The distinctions between an indemnity policy and a liability policy critically affect whether an injured plaintiff has the right to recover directly against an insurer as a third-party beneficiary when no payment has been made by the insured. The eleventh circuit in Weeks v. Beryl Shipping Co., 845 F.2d 304, 306 (11th Cir.1985), explained the distinctions between a liability policy and an indemnity policy based on Florida law:
Under a liability policy, the insurer is liable for "damages for bodily injury or property damage for which any covered person becomes legally liable, up to the applicable policy limits." McCarson, 467 So.2d at 279. In other words, the insurer must pay the damages if the insured is found liable. Under an indemnity policy, on the other hand, the insurer is liable only for "loss actually paid" the injured party by the insured. DaCosta v. General Guaranty Ins. Co., 226 So.2d 104, 105 (Fla.1969) (emphasis added). Thus, actual payment by the insured is a condition precedent to any obligation on the part of the insurer.
Similar to the facts of this case, in DaCosta the plaintiff had obtained a judgment against an insured and instituted supplementary proceedings against the insurer to enforce its judgment. The policy contained language indicative of either a liability policy or an indemnity policy. It was entitled a "Protection and Indemnity" policy and it contained a provision which stated that:
The Assurer hereby undertakes to make good to the Assured ... all such loss and/or damage and/or expense as the Assured shall as owners of the vessel named herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth....
226 So.2d at 105. The policy in DaCosta also provided that any action against the insurer must be brought within one year after the final judgment against the insured. Id.
Our supreme court found that the clauses in the insurance policy created a patent ambiguity. Id. It found the "pay to be paid" clause to be ambiguous "depending upon placement of emphasis and punctuation by the reader." Id. at 106. While that clause could be indicative of an indemnity policy, the provision requiring that an action be brought against the assurer within one year of entry of the judgment against the assured was more consistent with a liability policy. The supreme court found repeated references to the word "liability" contributed to the ambiguity of the policy:
The repetitive appearance after the initial assuring provision of fourteen clauses, twelve of which begin with the words `liability for,' necessarily gives the policy reader the overall impression that protection is in the nature of liability indemnity rather than loss paid indemnity.
Id. at 107.
In construing the policy, the supreme court also found the absence of a "no action" clause to be significant:
The presence of a `no action' clause providing that no action will lie against an insurer unless brought for losses actually sustained and paid in money is generally indicative of an indemnity rather than a liability policy. The absence of this type of no action clause in the policy before us *561 likewise indicates that the policy is one of protection against liability rather than against loss actually paid.
DaCosta, 226 So.2d at 106-07.
The supreme court determined that because the policy as a whole was ambiguous and subject to differing interpretations, following established principles governing interpretation of insurance contracts, the ambiguity and confusion should be resolved in favor of providing the greater indemnity to the insuredindemnity against liability. Id.
In this case, the marine insurance policy at issue contains a provision on page 6 of the policy similar to the one in DaCosta:
Underwriters [CEDI and CDMAT] agree to indemnify the assured [Susi's Watersports] for any sum or sums which the assured shall become legally liable to pay and shall pay, by reason of interest in the insured vessel and arising out of accidents occurring during the currency of this insurance.
The trial court found this provision determinative in dismissing plaintiffs' direct action. However, this provision appears in Section 11 entitled "LIABILITIES TO THIRD PARTIES." Moreover, like the clause in DaCosta, depending on emphasis and punctuation, this clause could be interpreted consistent with a policy of liability or one of indemnity. This clause is far less explicit than the clause in Weeks, which contained language specifically stating that actual payment by the insured shall be a condition precedent to the right of the insured to recover against the underwriter and the obligation of the underwriter to make payment. Weeks, 845 F.2d at 306.
Beginning with the cover page of the policy in this case, there are repeated references to third-party liability throughout the policy. On the cover sheet, the policy states:
WE, THE COMPANIES, hereby agree, in consideration of the payment to us by or on behalf of the Assured of the premium specified in the Schedule, to insure against loss damage liability or expense in the proportions and manner hereinafter provided.
(Emphasis supplied). In contrast, the policy in Weeks, and even the policy in DaCosta, were titled as "Protection and Indemnity" marine insurance policies, the standard label for indemnity policies.
The policy at issue in this case also provides that the "subject-matter insured" is "HULLS AND MACHINERY INCLUDING THIRD-PARTY LIABILITY." (Emphasis supplied). The amount insured under the policy is "US $500,000 ANY ONE ACCIDENT/OCCURRENCE COMBINED SINGLE LIMIT RESPECT THIRD-PARTY LIABILITY." (Emphasis supplied).
As in DaCosta, conspicuously absent from the policy is a "no action" clause providing that payment by the insured is a condition precedent to payment by the insurer. A "no action" clause typically provides that no action will he against the insurers unless brought for losses actually sustained and paid by the insuredone of the hallmarks of an indemnity policy. See DaCosta, 226 So.2d at 106-07.
In addition, plaintiffs contend that the presence of a "sistership clause" supports their position that this policy is, in fact, a liability policy. By the terms of the sistership clause, the policy provided that Susi's Watersports had the same rights under the policy if damage to one of its boats was caused by operation of another one of its boats. Based upon this provision, plaintiffs assert that if the policy were an indemnity policy, Susi's Watersports would have no rights under this clause unless it obtained a judgment against itself and actually paid the judgmentan absurd result.
We cannot state from a review of the entire policy that this marine insurance policy with its repeated references to third-party liability unambiguously evinces an explicit intent only to indemnify for losses already paid, rather than indemnify for liability. We conclude that because the policy is ambiguous and subject to differing interpretations, the policy should be interpreted to provide coverage against liabilitythe interpretation affording greater coverage. See DaCosta. See also Sterling v. City of West Palm Beach, 595 So.2d 284, 285 (Fla. 4th DCA 1992); Travelers Ins. Co. v. C.J. Gayfer's & Co., 366 So.2d 1199 (Fla. 1st DCA 1979); Travelers Indem. Co. v. Kassner, 322 So.2d *562 80 (Fla. 3d DCA 1975), cert. denied, 333 So.2d 41 (Fla.1976); Joseph Uram Jewelers, Inc. v. Liberty Mut. Fire Ins. Co., 273 So.2d 111 (Fla. 2d DCA 1972). This will permit plaintiffs to maintain their direct action against the defendants as third-party beneficiaries of the insurance policy issued by defendants to Susi's Watersports. Our holding is without prejudice to defendants raising any other policy defenses they might have to this lawsuit.
We further hold that the trial court erred in dismissing plaintiffs' cause of action against Habicht, the insurance agent, for breach of his oral contract with Susi's Watersports to provide insurance coverage for injuries suffered by its customers while using its rental motorboats. Plaintiffs alleged that Habicht made affirmative representations to Susi's Watersports that this policy would cover personal injuries to customers who had rented boats. As stated by the first district in Robinson v. John E. Hunt & Associates, 490 So.2d 1291, 1293 (Fla. 1st DCA 1986):
An insurance agent may be held liable for failure to provide insurance coverage pursuant to an oral contract. Although jurisdictions are split, Florida follows the rule that an insurance agent may be held liable for breach of contract for failure to procure insurance coverage even though the agency has received no premium from the applicant. The applicant's agreement to accept a policy if issued is sufficient consideration for the contract since it carries with it the implied promise to pay whatever premium would be due thereon. Finally, Florida permits a direct third party action by an injured person against an insurance agent for that agent's alleged negligence in failing to provide the tortfeasor adequate insurance.
(Citations omitted).
Accordingly we reverse and remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER and SHAHOOD, JJ., concur.