PETERSON, Chief Judge.
Commercial Insurance Consultants, Inc. (CIC), appeals a final judgment entered after a jury verdict found that it had breached its contract with Frenz Enterprises, Inc. (Frenz) to procure insurance on a dredge leased to Frenz by Dredge and Marine Corp. (DMC). The dredge was swamped by a passing boat and sank.
The jury found that CIC breached its obligation to procure insurance and we will not disturb that finding. The determination of whether an insurance broker has failed to procure insurance is ordinarily a question of fact which will not be disturbed if supported by sufficient evidence. Coplan v. LaChance, 219 So.2d 89 (Fla. 3d DCA 1969). Conflicting evidence was presented by CIC and Frenz on this issue and the conflict was resolved by the jury in favor of Frenz.
We reverse, however, the judgment entered in favor of appellee DMC on its cross-claim against co-defendant, CIC. Frenz, under its lease agreement with DMC, was obligated to obtain proper insurance. Frenz failed to obtain the necessary insurance but DMC apparently never sued Frenz for the breach. Florida permits an insurance broker to be held hable to third parties when the broker is negligent in procuring coverage for a customer, which coverage, had it been in place, would have been available to pay a third party’s claim against the customer. But before a third party may seek to recover against the insurance broker, the third party must first be successful in its action against the customer who did not have adequate insurance. Schuck v. Habicht, 672 So.2d 559 (Fla. 4th DCA 1996) (injured lessee of insured’s boat could bring direct action against insurance agent for breach of oral contract with insured to provide liability insurance coverage for injuries suffered by customers while using rental motorboats since judgment against insured could not be satisfied); Robinson v. John E. Hunt & Assoc., Inc., 490 So.2d 1291 (Fla. 1st DCA 1986) (injured party may bring direct third party action against insurance agent for agent’s alleged negligence in faffing to provide tortfeasor adequate insurance, but injured party must first be successful in her action against tort-feasor); Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981) (personal representative of estate of subcontractor’s employee who was killed in accident on construction site could bring direct action against insurance agent who allegedly failed to perform his agreement with general contractors to procure insurance policy which would have inured to her benefit; plaintiff must first, however, prevail in her suit against various key players before suit can be brought against the insurance agent). Accordingly, it was error to enter judgment in favor of DMC as DMC had to first prevail against Frenz Enterprises.
CIC also asserts that Frenz failed to present any evidence of the terms of a policy that CIC allegedly failed to obtain and that moreover, the jury improperly included in its award the recovery of lost profits. Frenz, however, produced an “inland marine policy” issued by Old Dominion Insurance Co., a policy that had been customarily used by Frenz and CIC. This policy provided the following relevant coverage:
2. Your Duties After Loss. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:
(a) Protection of Property — Protect the property from further loss and take all steps possible to minimize the loss. If expenses are incurred in doing so, they shall be borne by you and us proportionate to our respective interests.
******
3. Loss Settlement. Unless otherwise stated in this policy, the value of the property insured is not agreed upon but shall be ascertained at the time of loss or damage. We will not pay more than the least of the following amounts:
(a) the actual cash value of the property at the time of loss or damage: the term *873 “actual cash value” means: the amount which it would cost to repair or replace damaged property with material of like kind and quality, less allowance for physical deterioration and depreciation;
(b) the amount for which the property could reasonably be expected to be repaired to its condition immediately pri- or to loss or damage;
(e) the amount for which the article could reasonably be expected to be replaced with one substantially identical to the article lost or damaged; or
(d) the applicable amount of insurance.
The evidence of damages presented at trial placed the insurable value of the dredge at $145,000, but an additional $24,000 was spent in salvaging the dredge pursuant to 2(a) of the policy. It was later sold to a third party for $85,000. Thus, the most that could have been awarded by the jury under the terms of the policy was $84,000 ($145,000 plus $24,000 less $85,000). The jury awarded $100,750 to Frenz and $40,000 to DMC. We surmise that the jury awarded Frenz lost profits that it failed to realize on a construction job that it could not complete when the dredge sank. Consideration of damages for lost profits was improper since that type of damages was not covered by the policy customarily used by Frenz to insure its equipment. CIC’s objection that lost profits were not covered by the inland marine policy was erroneously overruled.
If a broker is found liable for a breach of duty, the broker is generally liable to the same extent as the insurer had the insurance been properly obtained. The broker must then step into the shoes of the insurer and pay the uninsured loss. Appelman, Insurance Law and Practice, § 8841; Glades Oil Co. v. R.A.I. Mgm’t, Inc., 510 So.2d 1193 (Fla. 4th DCA 1987). Frenz argues that additional damages for lost profits are appropriate in this case based upon Innkeepers International, Inc. v. McCoy Motels, Inc., 324 So.2d 676 (Fla. 4th DCA 1975) and Travelers Ins. Co. v. Wells, 633 So.2d 457 (Fla. 5th DCA 1993). We find Innkeepers to be inapplicable; the facts of that ease involve an employment agreement breached by a management company. In Travelers, a jury’s lost profits award was partially sustained under facts which indicated that the insurance agent and the insurer were fully aware that the workers compensation insurance was required for the insured to legally maintain a business in Florida and that without it, the insured would likely have to shut down its operations. In the instant case, insurance was not essentially required for Frenz to legally maintain a business, and whether the dredge was immediately replaceable, whether the dredge was needed immediately to finish a job begun by Frenz, whether the dredge could be salvaged in a timely manner for Frenz to complete the job, whether Frenz’s contract to perform services had a pressing completion date and whether Frenz was financially solvent to complete the job after the loss of the dredge, are matters not normally known by an insurance agent. In the absence of some unique facts such as those present in Travelers, we find the claim asserted for lost profits in this case to be too speculative, and not “reasonably foreseeable at the time the insurance contract was entered into and breached.” Travelers at 462.
We remand this matter to the trial court for a jury trial only on the issue of damages consistent with this opinion.
AFFIRMED IN PART; VACATED IN PART; REMANDED.
GOSHORN and HARRIS, JJ., concur.