1999 OK CIV APP 48

David Michael SWICKEY, Sr. and Norma J. Nelson, Plaintiffs/Appellants,

v.

SILVEY COMPANIES, Defendant,

and

Insurance Resource Agency, Inc., formerly known as Harris–Gregg–Hughes–Bumgardner and Associates, Inc., Defendant/Appellee.

No. 91,903.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 19, 1999.

Rick W. Bisher, Oklahoma City, Oklahoma, For Plaintiffs/Appellants.

Tracy Pierce Nester, Oklahoma City, Oklahoma, For Defendant/Appellee.

## OPINION

CARL B. JONES, Chief Judge:

¶ 1 Appellants contend the trial court should not have entered summary judgment in favor of Appellee Insurance Resources Agency, Inc. [Agency]. After review of the record before us, we conclude that the judgment must be affirmed in part and reversed in part.

¶ 2 We review entry of summary judgment *de novo. Kirkpatrick v. Chrysler Corp.,* 1996 OK 136, ¶ 2, 920 P.2d 122, 124; *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. All facts shown by the evidentiary materials, and inferences therefrom, are viewed in the light most favorable to the nonmovant. *Pickens v. Tulsa Metropolitan Ministry,* 1997 OK 152, ¶ 7, 951 P.2d 1079, 1082.

¶ 3 David Michael Swickey, Jr. ["David"] was struck and killed by an uninsured motorist on January 18, 1997. Appellants David Michael Swickey, Sr. ["Mike"] and Norma Nelson, David's father and grandmother, respectively, filed suit seeking recovery under the uninsured motorist [UM] coverage in an insurance policy Nelson purchased through Agency. It appears that Appellants asserted claims for breach of contract, fraud, and breach of fiduciary duty against Agency.[1]

¶ 4 Nelson obtained the policy to cover a car she had purchased for Mike. The declarations page attached to the front of the insurance policy listed Nelson as the "named insured." The policy's definitions stated:

A. Throughout this policy, **you** and **your** refer to:

1. The **named insured** shown in the Declarations; and

2. The spouse if a resident of the same household.

* * *

---

1. Sup.Ct.R. 1.36 governs appeals after entry of summary judgment. The rule requires the record on appeal to include "the pleadings proper as defined by 12 O.S.1991 § 2007(A) ..." The record in this case does not include either the original petition or the Appellee's answer. In its motion for summary judgment, Agency addressed three theories: (1) breach of contract, (2) fraud, and (3) "bad faith." Appellants in their response addressed (1) breach of contract, (2) fraud, and (3) breach of fiduciary duty.

F.   **Family member** means a person related to you by blood, marriage or adoption *who is a resident of your household. . . .* (Italics added.)  The UM coverage applied in favor of "**You** any **family member.**"[2]

¶ 5  The insurer denied Appellants' claim under the UM coverage, because neither David nor Mike were covered persons.  Although Mike lived with Nelson when the policy was issued, he was not the named insured.  Before the accident, Mike had moved out of Nelson's house, and so was no longer a covered "family member."  David also did not live with Nelson, so she could not claim UM coverage for damages she might recover as a result of his death.  Eventually, the insurer settled with Appellants for a fraction of the UM limits.

¶ 6  Agency then filed a motion for summary judgment.  It asserted, because the covered vehicle was always titled in Nelson's name, that Mike had no insurable interest in it and he could not be the named insured on the policy.  And, Agency asserted, Nelson never told anyone that Mike had moved out from Nelson's house.  Agency argued that under the circumstances there was no proof of actionable misrepresentation, that no contract existed between it and either of Appellants, and that an action for "bad faith" would not lie against anyone but an insurer.

¶ 7  In their response Appellants said that when Nelson got insurance she told someone at Agency that she wanted full coverage for Mike, and she wanted him shown as the named insured.  At no time was she told that Mike could not be shown as the named insured.  Nelson claimed that Agency failed to properly advise her about UM coverage, and that it submitted erroneous information to the insurer showing that Nelson would be the driver of the vehicle.  Appellants submitted deposition testimony from Mike that he had noticed on an amended declaration form that he was not shown as the insured, that he called Agency to make sure he was "the

insured of the vehicle" [*sic*] and he was assured that he was by the same agent who had originally handled Nelson's application.  Agency conceded for purposes of the motion that such a conversation took place (although the agent could not recall it), but argued that Mike misunderstood the distinction between being *an* insured and *the* insured (i.e., the "named insured").

¶ 8  We begin with the breach of contract theory, because it relates to the first relevant contacts between Agency and the Appellants.  Agency correctly argues that it was not a party to the contract made with the insurer based upon Nelson's application.  However, an insurance agent may be liable under either contract or tort theories for failure to obtain insurance.  *See A–OK Const., Inc. v. McEldowney, McWilliams, Deardeuff & Journey, Inc.,* 1992 OK CIV APP 66, ¶ 7, 844 P.2d 182, 183–84, *cert. denied.*  The court in *A–OK Construction* said that the Supreme Court had at least tacitly accepted an agent's potential liability for negligence in *Dewees v. Cedarbaum,* 1963 OK 54, 381 P.2d 830.[3]  Although the court in *Dewees* did not expressly say so, we hold that an insurance agent may be liable for breach of contract or in tort for failure to procure an insurance policy.

¶ 9  The contract theory of an insurance agent's liability is often based on failure to obtain any insurance as promised, but may also consist of failure to obtain insurance as requested.  In order to prevail on a claim for breach of contract to procure insurance, a plaintiff must show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so.  *See, e.g., Hause v. Schesel,* 42 Wis.2d 628, 635, 167 N.W.2d 421, 424 (1969) (agent said coverage would be effective on certain date and time, but it did not become effective until insurer received application and first premium two days later).  The proposed insured's

---

2.   The coverage also applied to anyone occupying a covered automobile, but that clause did not apply in this case.

3.   The court also referred to authorities from Idaho and Georgia: *Keller Lorenz Co., v. Insurance Assoc. Corp.,* 98 Idaho 678, 570 P.2d 1366 (1977); *McAlvain v. General Ins. Co.,* 97 Idaho 777, 554 P.2d 955 (1976); *Speir Ins. Agency, Inc. v. Lee,* 158 Ga.App. 512, 281 S.E.2d 279 (1981); and *Beavers Ins. Agency, Inc. v. Roland,* 135 Ga.App. 263, 217 S.E.2d 484 (1975).

agreement to pay the premiums and accept delivery of the policy provides consideration in exchange for the agent's promise to procure the insurance. *Id.*; *see also Schuck v. Habicht,* 672 So.2d 559, 562 (Fla.App.1996) (applicant's agreement to accept a policy if issued is sufficient consideration for the contract since it carries with it the implied promise to pay whatever premium would be due thereon). The measure of damages for breach of a contract to procure insurance is the amount which might have been recovered if the coverage had been procured as agreed. *Mid–America Corp. v. Roach,* 1966 OK 32, ¶ 8, 412 P.2d 188, 191.

■ ¶ 10 The evidentiary materials submitted to the trial court support a claim by Nelson against Agency for breach of the implied contract she made with it to obtain insurance which showed Mike as the named insured. At this stage of the proceedings, on appeal from entry of summary judgment, we must accept the effect of Nelson's deposition testimony (because it was not controverted in Agency's reply brief) that she specifically informed Agency that she wanted an insurance policy which would show Mike, not her, as the insured. This is not a matter of weighing the evidence below, but merely considering the reasonable inferences which may be drawn from it. Nelson's testimony, viewed in context with the other evidentiary materials in the record, creates a substantial controversy about whether Agency agreed to procure insurance under those terms. We are therefore required to reverse the judgment below to the extent that it cut short Nelson's claim for breach of contract.

■ ¶ 11 We pause to note that the breach of contract claim, if any, will lie only in favor of Nelson, because she was the person who made the request for coverage, and she was one who paid the premiums. There is no evidence to suggest a contract, even an implied one, between Agency and Mike. He had no contact with Agency until after the policy was issued.

■ ¶ 12 The evidence in the record of Mike's contact with Agency and his mother's earlier discussion with Agency leads us next to consider Appellants' claim for breach of

fiduciary duty. There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy. Even if we were to endorse that notion, it would have to be limited in this case to the agent's duty to forward a first premium, and there is no dispute in this case about whether Agency forwarded Nelson's first payment to the insurer. Granted, Agency had a duty to act reasonably, given the specialized knowledge it possessed of the terms and conditions of insurance policies generally. But, that specialized knowledge, such as it was, did not in this case create such a special relation between Nelson and Agency so as to make Agency a fiduciary for Nelson.

■ ¶ 13 There remains, however, a duty on the part of Agency to exercise reasonable care and skill in performing its tasks, i.e. procuring insurance and making any necessary corrections or adjustments after a policy is issued. An agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss. *Dewees v. Cedarbaum, supra*; *A–OK Construction, supra*; *see also Coble v. Bowers,* 1990 OK CIV APP 109, ¶ 12, 809 P.2d 69, 74, *cert. denied* (Brightmire, C.J., concurring in part, dissenting in part). The evidence presented below supported an inference that Agency was negligent in failing to arrange for insurance which showed Mike as the named insured, and failing to advise Nelson that the vehicle she purchased would have to be titled in Mike's name in order for him to be the named insured. To the extent that the judgment of the trial court defeated Appellants' claim for ordinary negligence, it must be reversed.

■ ¶ 14 Appellants did not submit evidence to support a claim for fraud. A fraud claim requires proof that: (1) that the defendant made a material representation; (2) that the representation was false; (3) that the representation was known to be false when it was made, or that it was made recklessly, as a positive assertion, without knowing whether it was true or false; (4)

that the representation was made with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that plaintiff thereby suffered injury. *Porter v. Rott,* 116 Okla. 3, 243 P. 160, 163 (1926), quoting from *Wingate v. Render,* 58 Okla. 656, 160 P. 614, 614 syllabus (1916). The absence of any element is fatal. *Id., see Cooper v. Gibson,* 69 Okla. 105, 170 P. 220, 220 (1917).

¶15 There is no evidence in the record that the agent who dealt with Nelson and later with Mike intentionally made a false representation, or made a representation, as a positive assertion, without knowing whether the representation was true or false. Even with the benefit of our forgiving standard of review, the evidence does not support a reasonable inference that the agent's response to Mike's inquiry was intended to be fraudulent, or that her answer was an actionable misstatement of fact.

¶16 The trial court's order granting summary judgment in favor of Agency is affirmed in part, and reversed in part. This case is remanded to the trial court for further proceedings consistent with the views expressed here.

¶17 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

HANSEN, P.J. and ADAMS, J., concur.

