2004 OK CIV APP 11

**Richard Lee ROTAN and Melody Kay Rotan, Plaintiffs/Appellants,**

v.

**FARMERS INSURANCE GROUP OF COMPANIES, INC., Arnold Mogseth Insurance Agency, Inc., Banc One Acceptance Corporation, and Banc One Oklahoma Corp., Defendants/Appellees.**

No. 98,124.

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 28, 2003.

Certiorari Denied Jan. 20, 2004.

Carson M. Brooks, Robert J. Haupt, Haupt Brooks Vandruff, PLLC, Oklahoma City, OK, for Appellants.

Sheila R. Benson, Greg D. Givens, Edmonds, Cole, Hargrave, Givens, Witzke, Ryan & Woodson, Oklahoma City, OK, for Appellees.

Opinion by JOHN F. REIF, Judge.

¶ 1 The question presented is whether an insurance agent and insurance company are liable to insureds who have requested "full coverage," when the coverage provided pays the fair market value for a total loss of the insured vehicle, but does not cover the difference between the fair market value of the vehicle and the amount owed for the vehicle. The insureds have contended that the agent's agreement to provide "full coverage" obligates the insurance company to pay their *full loss*, including the gap in value between fair market value and the amount owing for the vehicle. The agent and insurance company point out that such "gap" or residual debt coverage is an optional coverage, and have argued that a request for "full coverage" does not require an agent to advise about or provide optional coverage where the need is not apparent. The trial court agreed with the agent and insurance company and granted them summary judgment. Insureds appeal.

¶ 2 As a general rule, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Co.*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d 266, 269 (citations omitted). This duty rests, in part, on "specialized knowledge [about] the terms and conditions of insurance policies generally." *Id.* at ¶ 12, 979 P.2d at 269. However, "insurance companies [and] their agents [do not] have a duty to advise an insured with respect to his insurance needs." *Mueggenborg v. Ellis,* 2002 OK CIV APP 88, ¶ 7, 55 P.3d 452, 453. In addition, a general request for "adequate protection" and the like does not change this duty. *Id.* at ¶ 9, 55 P.3d at 454.

¶ 3 To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents *need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds*, and this duty is not expanded by general requests for "full coverage" or "adequate protection." In the instant case, the insureds did not know, and hence did not disclose, that the fair market value of the insured vehicle was less than the amount owed on the vehicle. Without being provided such information, the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance did not extend to providing residual debt coverage.

¶ 4 In *Weeks v. Wedgewood Village, Inc.,* 1976 OK 72 ¶ 14, 554 P.2d 780, 785, the Oklahoma Supreme Court upheld the grant of summary judgment in favor of the defendant because "[n]o evidence was presented to sustain the allegation [defendant] breached any duty." As the same is true herein, we hold the trial court properly granted summary judgment in favor of insurance agent and insurance company.

¶ 5 AFFIRMED.

GOODMAN, P.J., and RAPP, J., concur.