2013 OK CIV APP 78

David and Donna COSPER,
Plaintiffs/Appellants,

v.

FARMERS INSURANCE COM-
PANY, and Junior A. Ott,
Defendants/Appellees.

No. 111349.

Court of Civil Appeals of Oklahoma,
Division No. 3.

July 5, 2013.

Jo L. Slama, Steven R. Davis, Jeff D. Marr, Slama Legal Group, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

Matthew C. Kane, Ryan Whaley Coldiron Shandy, P.L.L.C., Oklahoma City, Oklahoma, and William J. Cobb, III, Thomas T. Rogers, Austin, Texas, for Defendants/Appellees.

BRIAN JACK GOREE, Judge.

¶1 David and Donna Cosper sued their insurance agent and insurance company for issuing a homeowners' policy with a replacement value that exceeded the property's actual cash value causing them to pay higher premiums. The exclusive remedy for the alleged cause of action is 36 O.S.2011 § 4804. The trial court correctly dismissed the case because the facts alleged in the petition show the conditions for relief under the statute have not been met.

¶2 Defendants, Junior A. Ott and Farmers Insurance Company, filed a motion to dismiss arguing the petition did not state a claim upon which relief could be based. They had the burden to show the legal insufficiency of the petition. *Fanning v. Brown,* 2004 OK 7, ¶4, 85 P.3d 841, 844. A court should deny such a motion unless it is beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. *Id.* This determination is made by examining the allegations of the petition and accepting them as true together with all reasonable inferences. *Darrow v. Integris Health, Inc.,* 2008 OK 1, ¶7, 176 P.3d 1204, 1208. *Id.* We review the trial court's dismissal order *de novo. Id.*

¶3 Plaintiffs alleged Ott is an agent of Farmers and they engaged him to procure replacement cost insurance for their home. Ott and Farmers determined the amount of coverage and Plaintiffs accepted the initial policy and renewals. They asserted the coverage exceeded the amount necessary to replace their home in the event of a loss. They claimed damages because they paid higher premiums for coverage they did not need. From this cause of action, Plaintiffs asserted multiple theories of liability.

¶4 A plaintiff is not required to identify a specific theory of recovery or set out the correct remedy or relief to which he may be entitled. *Darrow,* 2008 OK 1, ¶7, 176 P.3d at 1208. A pleading is sufficient if it contains a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief to which he deems himself entitled. 12 O.S.2011 § 2008(A)(1)(2). But a petition may be dismissed for insufficient facts under a cognizable legal theory. *Darrow,* 2008 OK 1, ¶7, 176 P.3d at 1209.

¶5 An insurance company is statutorily precluded from knowingly issuing a fire insurance policy in an amount exceeding the fair value of the property. 36 O.S.2011 § 4804. In the event that (1) the property is totally destroyed by fire, and (2) the insured has paid premiums on an amount in excess of the property's actual value, then the insured is entitled to reimbursement of the excess premium plus interest.[1] These two predi-

---

1. Title 36 O.S.2011 § 4804 provides: "No insurance company shall, knowingly, issue any fire insurance policy upon property within this state for an amount which, with any existing insurance thereon, exceeds the fair value of the property. If buildings insured against loss by fire, and situated within this state, are totally destroyed by fire, the company shall not be liable beyond the actual value of the insured property at the time of the loss or damage, and if it shall appear that the insured has paid premiums on an amount in excess of said actual value, the assured shall be reimbursed the proportionate excess of premiums paid on the difference between the amount named in the policy and said actual

cates must be satisfied in order to assert the "created statutory right." *Scoufos v. State Farm Fire and Casualty Co.*, 2001 OK 113, ¶ 10, 41 P.3d 366, 370.

¶ 6 Plaintiffs have not suffered a fire loss, and they concede they are not making a claim for damages under § 4804. Nevertheless, they claim Defendants are liable under *common-law* theories for failing their duty to provide the proper amount of coverage. On the other hand, Defendants claim § 4804 is Plaintiffs' exclusive remedy. "When an enactment imposes some new duty and fashions a remedy for the enforcement of a new right, the statutorily-designated remedy may be deemed the exclusive means by which a breach of the new right becomes redressible." *Rogers v. Meiser*, 2003 OK 6, ¶ 10, 68 P.3d 967, 973. *Scoufos* suggests the statutory right of premium reimbursement did not exist at common law.[2] We examine the petition to determine whether it states a claim based on a common-law duty existing independently from § 4804.

¶ 7 Plaintiffs allege Defendants breached duties by:

- issuing a fire insurance policy in an amount exceeding the fair value of the property;
- failing to procure coverage in the amount "needed";
- neglecting to notify them the policy might provide more coverage than needed;
- failing to advise them of their insurance coverage options;
- failing to monitor and review the policy to ensure the amount of coverage was not in excess of the "amount necessary";

¶ 8 Plaintiffs cite cases such as *Swickey v. Silvey Co.*, 1999 OK CIV APP 48, 979 P.2d 266, holding that an agency has a duty to exercise reasonable care in performing its tasks such as procuring insurance and making any necessary corrections or adjustments after a policy is issued. *Swickey*, 1999 OK

CIV APP 48, ¶ 13, 979 P.2d 266, 269. However, "[i]nsurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs." *Rotan v. Farmers Ins. Group of Companies*, 2004 OK CIV APP 11, ¶ 2, 83 P.3d 894, 895, citing *Mueggenborg v. Ellis*, 2002 OK CIV APP 88, ¶ 6, 55 P.3d 452, 453. The Supreme Court has held an insurer was under no statutory duty to explain uninsured motorist coverage to its insureds. *Silver v. Slusher*, 1988 OK 53, ¶ 7, fn. 11, 770 P.2d 878, 882.

¶ 9 Defendants did not fail to procure insurance for Plaintiffs, and we decline to extend *Swickey* and impose a duty upon an insurer to provide an "adequate amount" of coverage. Plaintiffs did not allege that they requested a specific coverage limit and Defendants disregarded the request and issued a policy in some other amount. We further find nothing in the record shows Ott played any part in setting a coverage limit.

¶ 10 In addition to their claim for negligence, Plaintiffs also allege Defendants are liable based on misrepresentation. The petition alleges Defendants did not inform plaintiffs of the possibility that the recommended renewal amount may be more replacement coverage than needed and that "the omission of this information by Defendants constitutes a misrepresentation of tangible risks to Plaintiffs, and exposure to overpayment of their policy premium." We have decided Defendants did not owe a duty to provide "adequate insurance" under the circumstance that Plaintiffs did not request a specific amount of coverage. We likewise conclude Defendants cannot be liable for misrepresentation by failing to notify Plaintiffs that the coverage they accepted might exceed the amount needed to replace their home in the event of a total loss.

¶ 11 Plaintiffs also attempt to state a claim for constructive fraud. Constructive fraud requires a breach of either a legal or equitable duty. *Patel v. OMH Medical Cen-*

---

value, with interest at six per centum per annum from the date of issue."

**2.** In *Scoufos*, the Supreme Court explained that legislative intent and conditions imposed by stat-

utory language are critical components when considering a statutory right *not existing at common law*. *Scoufos*, 2001 OK 113, ¶ 10, 41 P.3d 366, 370 (emphasis added).

*ter, Inc.,* 1999 OK 33, ¶ 34, 987 P.2d 1185, 1199. Title 15 O.S.2011 § 59 defines constructive fraud as a breach of duty which allows one to gain advantage by misleading another.[3] Since Defendants did not owe Plaintiffs a duty in negligence or for misrepresentation, their claim for constructive fraud also fails.

¶ 12 Last, Plaintiffs claim Defendants are liable to them based upon a fiduciary duty arising from a "special relationship" between them. The petition alleges Ott is "a Farmers Insurance Agent" and "an agent and/or ostensible agent of the Farmers Insurance Company." According to Plaintiffs, the special relationship stems from the quasi-public nature of insurance, their dependency and trust in Defendants, and their vulnerability to Defendants' potential to unscrupulously exert their specialized knowledge and superior bargaining power. These factors support an insurance company's implied duty of good faith and fair dealing. *Wathor v. Mutual Assurance Administrators, Inc.,* 2004 OK 2, ¶ 6, 87 P.3d 559, 561–562. But the existence of the duty of good faith and fair dealing implied in insurance contracts does not necessarily mean Plaintiffs' petition states a claim for breach of fiduciary duty.

¶ 13 The Court of Civil Appeals has stated, "[t]here are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy." *Swickey v. Silvey Companies,* 1999 OK CIV APP 48, ¶ 12, 979 P.2d 266, 269. In *Silver,* 1988 OK 53, ¶ 7, fn. 11, 770 P.2d at 882, the court held an insureds' relationship with their insurer was at arms' length and they did not stand in any recognized form of "special relationship." We follow *Silver* and *Swickey* and hold Plaintiffs have not stated a claim for breach of fiduciary duty against Defendants by providing a policy with coverage that exceeds the fair value of their home.

¶ 14 In summary, the remedy for Plaintiffs' cause of action is premium reimbursement under 36 O.S.2011 § 4804. Plaintiffs did not allege total destruction of their property by fire which is a precondition to recovery under the statute. Therefore, the petition states insufficient facts to state a claim under a cognizable theory of liability. Because § 4804 is a statutorily-created right that did not exist at common law, it is the exclusive remedy, and Plaintiffs may not plead their cause of action under common-law theories of liability. The trial court's order dismissing the petition for failure to state a claim is AFFIRMED.

HETHERINGTON, P.J., and MITCHELL, J., concur.

---

**3.** "Constructive fraud consists: (1) In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, (2) In any such act or omission as the law specifically declares to be fraudulent, without respect to actual fraud." 15 O.S.2011 § 59.