A90A0438. UNIVERSAL SECURITY INSURANCE COMPANY v. LOWERY et al.
A90A0439. FORSYTH MILK HAULING COMPANY, INC. v. UNIVERSAL SECURITY INSURANCE COMPANY.
(394 SE2d 416)

SOGNIER, Judge.

William and Alice Lowery brought suit against Forsyth Milk Hauling Company (Forsyth) to recover damages incurred when their automobile was struck by a truck owned by Forsyth and driven by its employee, Carl Buddy Stafford. Forsyth's insurance carrier, Universal Security Insurance Company (Universal), then sought a declaratory judgment to determine its liability. The trial court denied Universal's motion for summary judgment, finding that although Stafford had been excluded from coverage by endorsement, he had been reinstated shortly before the accident. The trial court certified its ruling for immediate review, and we granted Universal's interlocutory appeal. Forsyth cross appeals from the trial court's ruling finding valid the endorsement originally excluding Stafford from coverage under the policy.

The policy in question was purchased by Forsyth through the Allen Lambert Insurance Agency. The record reveals that in May 1986,

Jim Lambert, an independent agent and owner of that insurance agency, requested that Vernon E. Sanders, Jr., vice president of Forsyth, sign an endorsement excluding Stafford from coverage under the policy and that Sanders signed the endorsement on May 28, 1986. In his affidavit submitted in support of Universal's motion for summary judgment, Lambert averred that this endorsement was then submitted to Universal "through normal channels," became a part of the policy, and was never altered or changed. Stafford subsequently left his job at Forsyth in December 1986.

The record reveals further that in early February 1987, Stafford returned to Forsyth, and Sanders, Jr. then asked Lambert to add Stafford back to the policy. In his affidavit, Lambert testified that he informed Sanders, Jr. he would make the request, but had no authority to add Stafford back and had "no reason to believe that he would, in fact, be added to the policy." Lambert averred that based on Sanders, Jr.'s request, he prepared a "Commercial Policy Change Request," told Sanders, Jr. that it was "simply a 'request,'" and sent the document to Universal through proper channels.

Dan Pisterzi, claims manager of Universal, swore in his affidavit that the request was not received in the Universal office or acted upon by anyone with the company as of the date of the accident.

Sanders, Jr. testified by affidavit submitted in opposition to Universal's motion for summary judgment that Lambert "never told him at any time" either that he would request the addition but did not have the authority to add Stafford, or that he had no reason to believe that Stafford would be added back, and that Lambert never showed him the "Commercial Policy Change Request" or told him that document was merely a request.

Diane Grey, the bookkeeper for Forsyth, averred in her affidavit that Lambert had signed policy changes and endorsements as the authorized representative of Universal, as shown by copies of documents attached as exhibits to her affidavit, and that in the years 1986 and 1987 the "Commercial Policy Change Request" form had been used over fifty times as the exclusive method of making policy changes with no other documents having been necessary to effect such changes.

Vernon E. Sanders, Sr. testified by affidavit that he was the president of Forsyth and was the only person authorized to sign documents such as insurance policy endorsements on behalf of Forsyth.

1. Universal contends the trial court erred by denying its motion for summary judgment because Lambert was not its agent and had no authority to bind Universal to provide coverage on Stafford, and the company had taken no action on the request to add Stafford to the policy when the accident occurred. It is the rule in Georgia that "[i]ndependent insurance agents or brokers are generally considered

the agent of the insured, not the insurer. [Cit.]" *European Bakers v. Holman*, 177 Ga. App. 172, 173-174 (2) (338 SE2d 702) (1985). This is, however, only a general rule, and sometimes the issue of agency is a jury question. Id. at 174. The evidence in this case is conflicting on several points: the question of agency; the issue of Lambert's authority to bind Universal; and the issue whether Lambert informed Sanders, Jr. of the limits of his authority. Thus, we cannot agree with the trial court's conclusion that, as a matter of law, Lambert acted as the agent of Universal in processing the change request. " 'The Summary Judgment Act does not authorize the trial court to sit as both judge and jury, weighing the evidence and deciding issues that are traditionally for the jury. (Cit.) The sole function of the court on a motion for summary judgment is, rather, to determine whether there exists a genuine issue of material fact. (Cits.) In the instant case it is clear that such issues exist.' [Cit.]" *Collins v. Newman Machine Co.*, 190 Ga. App. 879, 884 (380 SE2d 314) (1989). Accordingly, because material fact issues exist, we find that the result reached by the trial court was correct, if for the wrong reason, and we affirm its denial of summary judgment to Universal. See *Auto-Owners Ins. Co. v. Barnes*, 188 Ga. App. 439, 443 (4) (373 SE2d 217) (1988).

2. In its cross appeal, Forsyth contends the trial court erred by finding that the May 1986 endorsement excepting Stafford from coverage under the policy was valid because the uncontroverted evidence established that Sanders, Jr. did not sign the endorsement for the company in a representative capacity, nor did he have the authority to do so, since only Sanders, Sr. had that authority. We need not address this contention, however, because even assuming the May 1986 endorsement was invalid, it is undisputed that Stafford was subsequently deleted from coverage under the policy at Forsyth's instruction as a matter of standard procedure when he left the company's employ in December 1986, and Stafford's return to employment with Forsyth at the beginning of February 1987 prompted the request from Sanders, Jr. to add Stafford as a covered driver. Therefore, whether because of the May 28, 1986 endorsement or because of the December 1986 request to drop Stafford, the trial court correctly found that Stafford had been specifically excluded from coverage at the time of the accident unless the February 2, 1987 request to add him back to the policy's coverage had the effect of binding coverage.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 14, 1990.

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Marvin D. Dikeman*, for Universal.

*Groover & Childs, Frank H. Childs, Jr.*, for Lowery.