## A09A2037. HAMPTON ISLAND CLUB, LLC v. B2 CREATIVE, INC.

(685 SE2d 751)

BLACKBURN, Presiding Judge.

In this breach of contract action, defendant Hampton Island Club, LLC ("Hampton") appeals the summary judgment awarded to plaintiff B2 Creative, Inc. ("B2"), arguing that no contract was created and that even if one were created, the evidence was disputed as to whether Hampton breached that contract. We hold that the requisite elements of contract were present and therefore affirm as to that portion of the trial court's order. However, we agree with Hampton that some evidence showed that B2 may not have performed properly under the contract, which precluded summary judgment on the issue of whether Hampton breached the contract. Accordingly, we affirm in part and reverse in part.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the

---

[14] See generally *Moore v. State*, 285 Ga. 157 (1) (674 SE2d 315) (2009).

light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that on October 19, 2007, B2 submitted an "estimate" to Hampton, setting forth a proposal that for the price of $164,000, B2 would provide and install certain furnishings for a model home constructed by Hampton, which furnishings were specified on a detailed exhibit attached to the proposal.[2] Under this proposal, Hampton would reserve the right to modify or cancel any plans or work, so long as Hampton paid for any expenses associated with such modification or cancellation. Hampton was also to be responsible for all final approvals; specifically, the proposal required that Hampton approve the furniture and fixtures actually installed. B2 reserved the right to reassess costs, but such reassessments had to be approved by Hampton.

On November 15, 2007, Hampton accepted the proposal by executing same. In anticipation of B2's performance, Hampton paid B2 the first half of the price ($82,000). On December 1 and 2, B2 installed most of the promised furnishings. B2 submitted its final invoice on December 4. Soon thereafter, Hampton discovered the following problems with the furnishings: (i) one room in the downstairs was missing adequate wall decorations, causing the room to look unfinished; (ii) certain aspects of the furnishings were not practical, including one couch that was particularly uncomfortable for guests; (iii) the living room furnishings were in the dining room, and the dining room furnishings were in the living room; (iv) the patio furniture had not been installed; and (v) the drapes had not been installed in the guest bedroom.

Although the evidence is unclear whether B2 eventually addressed all of these issues, Hampton in any case raised the following additional issues in April 2008: (i) the dining room table needed to be oval-shaped; (ii) the rug in the dining room was too small, causing problems when the chairs were pulled out for sitting; (iii) the rug in the master bedroom was too small; (iv) the entertainment center in the master bedroom was not designed for a flat screen TV and needed to be exchanged for a chest of drawers for functionality; (v) there was no mirror in the common bathroom; and (vi) half of the downstairs porch needed to be decorated to match the other half. B2 responded to the more recent concerns with the ultimatum that it would not fix any of these problems until the final $82,000 was paid. Because B2 failed to meet these and other concerns, Hampton refused to pay.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] A few of the listed furnishings were followed by a question mark to indicate that these furnishings were not included in the $164,000 price and therefore would not be installed.

Within days, B2 filed the present lawsuit, alleging breach of contract and seeking to recover the final $82,000. In its answer and counterclaim, Hampton purported to reject all the furnishings provided by B2, which it reiterated in an affidavit filed by its president. B2 moved for summary judgment on its claim, which judgment the court awarded in the amount of $82,000. Hampton appeals.

1. Hampton first contends that the trial court erred in finding that the accepted proposal was a binding contract. We disagree and affirm this portion of the trial court's order.

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." OCGA § 13-3-1. B2's proposal, which Hampton accepted, identified the parties, the general work to be performed, the $164,000 consideration, the place where the work was to be performed, the type of furnishings to be installed, and the rooms where they were to be installed. Similar to *Classic Restorations v. Bean*,[3] we hold that the offer of B2 was accepted by Hampton by its representative's signing the document, and by B2 by its beginning the contracted work. "There was a stated subject matter and a specific consideration. We find a simple contract was entered into by the parties." Id.

2. Hampton argues that the trial court erred in holding that the undisputed evidence showed that Hampton had breached the contract. Specifically, Hampton points to evidence that B2 had not performed its obligations under the contract, which Hampton contends relieved it of paying the final $82,000. We agree with Hampton that some evidence showed a lack of performance by B2.

The contract specifically provided that Hampton's "approvals of furniture and fixtures is required," and that as to "Acceptance and Delivery," Hampton "shall be responsible for all final approvals." Although B2 presented some evidence that two representatives of Hampton approved the furnishings provided as complete, other evidence showed that Hampton rejected some of the furnishings provided and that Hampton specifically requested that B2 rectify certain matters, which B2 refused to do until it was first paid in full. Moreover, additional evidence showed that neither of the two Hampton representatives who had allegedly indicated acceptance of the furnishings had the authority to do so, and that B2 was keenly aware of such lack of authority. Not only did these two representatives and Hampton's president testify that the two representatives had no

---

[3] *Classic Restorations v. Bean*, 155 Ga. App. 694, 699 (5) (a) (272 SE2d 557) (1980).

authority to accept the furnishings (and that they in fact did not indicate acceptance of such), but B2's president herself testified that these two representatives were merely administrative or clerical personnel who made arrangements for access to the property and that neither "made any material decisions regarding selection of items, acceptance, [or] rejection." See *Universal Security Ins. Co. v. Lowery*[4] (summary judgment not appropriate where there was a disputed issue of fact as to agent's authority). Finally, in its answer and counterclaim, Hampton purported to reject all of the furnishings, which was reiterated by Hampton's president in his affidavit. Although B2 can certainly argue to a jury that Hampton's complaints and rejections were untimely, concocted, and ineffectual, the record does contain some evidence that Hampton did not give its required approval to all of the furnishings, which raises an issue of fact as to whether Hampton breached the contract when it refused to make the second $82,000 payment. Accordingly, we must reverse as to this issue.

For these reasons, we affirm the trial court's summary judgment order insofar as it found an enforceable contract, but we reverse that order insofar as it found no disputed evidence as to Hampton's alleged breach.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 28, 2009.

*Albert A. Chapar, Jr., Rebecca E. Strickland*, for appellant.
*Robert W. Hughes, Jr.*, for appellee.

---

[4] *Universal Security Ins. Co. v. Lowery*, 195 Ga. App. 621, 623 (1) (394 SE2d 416) (1990).